SPOON v. VAN FOSSEN ET AL.

1. **Homestead**: CONVEYANCE: HUSBAND AND WIFE. Neither the husband nor wife can, by a conveyance to the other, vest in the grantee the power to alienate any portion of the homestead by a conveyance in which both do not join.

*Appeal from Warren Circuit Court.*

FRIDAY, APRIL 23.

THIS is an action for the possession of twenty acres of land, of which the plaintiff claims to be the owner, and from the possession of which he alleges he is unlawfully kept by the defendants. The defendant Joseph Van Fossen filed an answer disclaiming all interest in the land. The defendant William F. Van Fossen filed an answer denying that plaintiff is the owner or is entitled to the possession of the land, and alleging that defendant is entitled to the possession of the land as his homestead. The cause was tried to the court, and judgment was rendered for the defendant. The plaintiff appeals.

*W. H. Schooley* and *H. McNeil*, for the appellant.

*Henderson & Berry*, for the appellees.

DAY, J.—Upon the trial of the cause the parties agreed to the following facts: "1. That prior to January 6, 1877, the premises in controversy were owned by defendant, Wm. F. Van Fossen.

1. HOMESTEAD: conveyance: husband and wife.

"2. That on said day he conveyed said premises to his wife, Julia P. Van Fossen, by deed marked 'Exhibit A.'

"3. That at the date of said conveyance said premises were his homestead, together with twenty acres adjoining, and had been such for a considerable time prior thereto.

"4. That he did not then, and has not since, moved from

said premises, but continues to occupy the same to the present time, with three of his children.

"5. That for sometime prior to the commencement of this action his wife and two children have not lived on said premises, and that they continue to reside elsewhere.

"6. That the title to the other twenty of said forty acre tract was, and still is, in defendant Wm. F. Van Fossen."

The deed from Wm. F. Van Fossen to his wife, Julia P. Van Fossen, expressed the consideration of six hundred dollars, and, following the granting clause, is as follows: "The intention of these presents being to grant unto the said Julia P. Van Fossen an absolute and perfect title to said premises, and to divest myself of all interest therein as fully and completely as I could do were I not her husband; so that she may bequeath, incumber or sell, and make perfect conveyance thereof without my consent or concurrence. And I hereby covenant with the said Julia P. Van Fossen that I hold said premises by good and perfect title, that I have good right and lawful authority to sell and convey the same, that they are free and clear of all liens and incumbrances whatsoever. And I covenant to warrant and defend the said premises against the lawful claims of all persons whomsoever. And the said Wm. F. Van Fossen hereby relinquishes his right of dower, or courtesy, and homestead in and to the above described premises." The plaintiff introduced in evidence a warranty deed in the usual form from Julia P. Van Fossen to the plaintiff for said premises, executed on the 28th day of January, 1878. The plaintiff also introduced in evidence a warranty deed to plaintiff for said premises, dated January 29, 1878, and purporting to be executed by Julia P. Van Fossen, and by Wm. F. Van Fossen by Julia P. Van Fossen, his attorney. No power of attorney to Julia P. Van Fossen to execute this deed was exhibited.

Section 1990 of the Code provides: "A conveyance or incumbrance by the owner is of no validity unless the husband and wife, if the owner is married, concur in and

Spoon v. Van Fossen.

sign the same joint instrument." It is urged by appellant's counsel that it would be absurd to require the wife to sign a conveyance to herself. This may be admitted, but it does not follow that a deed from the husband to the wife will operate as a surrender of the husband's homestead rights in the property conveyed. It is the policy of the law to preserve to every family a homestead; such a course greatly subserves the interests of society, and of good government; hence the law has wisely thrown restrictions about the manner of conveying or encumbering the homestead. If the nature of these restrictions is such that they cannot be observed in the case of a conveyance by the husband to the wife, it follows that the husband cannot convey his homestead rights to the wife, rather than that the conveyance shall prove effectual notwithstanding its failure to comply with the conditions of the statute. It does not follow that the deed to the wife is a nullity; it may have operated to vest in the wife the legal title to the property. But the property continued still to be the homestead of the family. The declaration in the deed of the intention to surrender homestead rights and allow the wife the absolute disposition of the property is ineffectual, because not expressed in the manner required by the law. After the conveyance the homestead remained, with the title, it may be conceded, in the wife.

"The homestead of every family, whether owned by the husband or wife, is exempt from judicial sale." Code, § 1988. The property continuing to be the homestead, it is clear that the conveyance to the plaintiff of January 28th, not having been concurred in by the husband, is of no validity, under § 1990 of the Code. The conveyance of January 29th is equally invalid. No power of attorney for the execution of that conveyance on behalf of Wm. F. Van Fossen is shown. It is urged that the conveyance to Julia P. Van Fossen operates as such power of attorney. In this position we cannot concur.

AFFIRMED.