[No. 12459. In Bank. — March 5, 1889.]

## ALEXANDER BURKETT, RESPONDENT, *v.* ORPHA BURKETT, APPELLANT.

HOMESTEAD — CONVEYANCE BY HUSBAND TO WIFE — EXECUTION BY WIFE — SEPARATE PROPERTY. — A husband can make a valid conveyance to his wife of his separate real estate, upon which he has declared a homestead which is still subsisting at the time of the conveyance, and he cannot avoid the same upon the ground that such conveyance was without the signature and acknowledgment of the wife. The statute requiring such signature and acknowledgment was enacted in the interest of the wife, to prevent a conveyance or abandonment of the homestead in derogation of her rights, and does not apply to a conveyance of the property from the husband to the wife, which does not affect the homestead, but merely makes it thereafter a homestead upon the separate property of the wife.

ID. — EFFECT OF DIVORCE UPON HOMESTEAD TITLE. — When a decree of divorce is granted without any adjudication of rights of property in a

homestead, which was declared originally upon the separate property of the husband, and conveyed by him to his wife before the commencement of the divorce suit, the title of the wife to the property becomes absolute from the granting of the divorce. The wife must be regarded as the "former owner," within the meaning of section 146 of the Civil Code, and if the husband does not, under that section, procure an assignment of it by the decree of divorce for a limited period to himself as being the innocent party, he loses all right therein.

APPEAL from a judgment of the Superior Court of San Joaquin County, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*J. C. Campbell,* and *D. S. Terry,* for Appellant.

*Dunlap & Vischer,* and *Joseph H. Budd,* for Respondent.

WORKS, J.—This case presents two questions necessary to be considered.

1. Can a husband make a valid conveyance to his wife of his separate real estate, upon which he has declared a homestead which is still subsisting at the time of the conveyance?

2. If so, what was the effect upon the title, of a divorce granted to the wife subsequent to the conveyance, the property rights of the parties not being adjudicated in such divorce proceeding?

The plaintiff, being the owner of certain real estate as his separate property, declared a homestead thereon, he and the defendant then being husband and wife, and residing on the property. Subsequently he conveyed the property directly to the defendant, who was still his wife. Thereafter the defendant procured a decree of divorce, but there was no adjudication as to the property. The plaintiff prosecutes this action to quiet his title. The court below found for the plaintiff on the ground that the conveyance was void, and judgment was rendered accordingly. The defendant appeals.

1. In this state either husband or wife may enter into any agreement or transaction with the other, respecting property, which either might if unmarried. (Civ. Code, sec. 158.) Therefore, a husband may convey his real estate directly to his wife, as he may to any other person.

The effect of declaring the homestead was to convert the separate title of the husband into a joint title in himself and wife to the extent of the homestead. (Civ. Code, secs. 1237, 1242, 1265; *Barber* v. *Babel,* 36 Cal. 14.) And thereafter the homestead could not be conveyed or encumbered, except by an instrument executed and acknowledged by both husband and wife. (Civ. Code, secs. 1242, 1243; *Barber* v. *Babel,* 36 Cal. 14; *Flege* v. *Garvey,* 47 Cal. 375; *Gagliardo* v. *Dumont,* 54 Cal. 498; *Graves* v. *Baker,* 68 Cal. 133; *Porter* v. *Chapman,* 65 Cal. 365; *Tipton* v. *Martin,* 71 Cal. 325.)

The cases cited construe the statute as enacted in the interest of the wife, where the declaration is by the husband, and hold that no conveyance in derogation of her rights under the homestead can be effective unless she joins in the same. But all of the cases relate to conveyances to third parties, which are necessarily in derogation of her homestead rights. It is true the case of *Tipton* v. *Martin, supra,* was a conveyance to the wife, but only in trust and for the benefit of the *cestui que trust.* The case before us presents an entirely different question. The conveyance was not in derogation of the homestead rights of the wife. Being a conveyance of the legal title from one of the joint owners of the homestead right to the other, the property must be held to remain a homestead as before. The requirement of the statute that the wife shall join in the conveyance only applies to a conveyance or abandonment of the *homestead.* As the deed under consideration did not in any way affect the homestead, it is not within the statute, and no reason occurs to us for holding such a conveyance to be void.

In the case of *Gagliardo* v. *Dumont, supra,* it was said:

"Under the restraints imposed by the homestead law, neither the husband nor the wife had power to transfer the homestead by a separate conveyance, nor could either encumber it to the prejudice of the other or of both, or to the destruction of the homestead itself. The obligation between them, in respect to its preservation, was reciprocal. Neither could, without the consent and concurrence of the other, alienate or transfer it. It was created as a place of residence for the family, and it is the policy of the law to preserve it intact for that purpose until both the husband and wife shall mutually resolve to destroy it by alienation or abandonment. In pursuance of that policy its destruction is prohibited, except by the joint act of both in the mode provided by the homestead law."

It will be seen from the language of this and other cases that the object of the statute, as construed by this court, is to prevent the destruction of the homestead, except by the consent of the parties, expressed by a joint conveyance. If this deed could be held to have that effect, it might be declared void. But as its effect is to leave the homestead intact, and vest in the wife the legal title to the property, subject thereto, no right intended to be protected by the constitution and legislation under it is infringed or affected in any way. The question is an open one in this state, but we are not without authority to support such conveyance. (*Spoon* v. *Van Fossen,* 53 Iowa, 494; *Green* v. *Farrar,* 53 Iowa, 426; Thompson on Homesteads, sec. 473; Platt on Rights of Married Women, sec. 70, p. 225; *Riehl* v. *Bingenheimer,* 28 Wis. 86; *Baines* v. *Baker,* 60 Tex. 140; *Ruohs* v. *Hooke,* 3 Lea, 302; 31 Am. Rep. 642; *Harsh* v. *Griffin,* 72 Iowa, 608.)

The holding in the cases cited is, in effect, that the conveyance from the husband to the wife of the homestead property does not affect the homestead character of the estate, but carries his title subject thereto. She holds the title for the benefit of the family, subject to

the same restriction against alienation applicable to the same in the hands of the husband. It is said in Thompson on Homesteads, section 473: "The policy of those statutes which restrain the alienation of the homestead without the wife joining in the deed is to protect the wife, or to enable her to protect the family, in the possession and enjoyment of a homestead, after one has been acquired by the husband. They are not intended to interpose obstacles in the way of a conveyance of the homestead to the wife, or to the wife and children, with the consent and approval of the wife, whatever may be the form of such conveyance." So in *Spoon* v. *Van Fossen*, 53 Iowa, 494, the court said: "Section 1990 of the code provides: 'A conveyance or encumbrance by the owner is of no validity unless the husband and wife, if the owner is married, concur in and sign the same joint instrument.' It is urged by appellant's counsel that it would be absurd to require the wife to sign a conveyance to herself. This may be admitted, but it does not follow that a deed from the husband to the wife will operate as a surrender of the husband's homestead rights in the property conveyed. It is the policy of the law to preserve to every family a homestead; such a course greatly subserves the interests of society and of good government; hence the law has wisely thrown restrictions about the manner of conveying or encumbering the homestead. If the nature of these restrictions is such that they cannot be observed in the case of a conveyance by the husband to the wife, it follows that the husband cannot convey his homestead rights to the wife, rather than that the conveyance shall prove effectual, notwithstanding its failure to comply with the conditions of the statute. It does not follow that the deed to the wife is a nullity; it may have operated to vest in the wife the legal title to the property. But the property continued still to be the homestead of the family. The declaration in the deed of the intention to surrender homestead rights and allow

the wife the absolute disposition of the property is in-
effectual, because not expressed in the manner required
by the law.   After the conveyance the homestead re-
mained, with the title, it may be conceded, in the wife."

In the case of *Riehl* v. *Bingenheimer*, 28 Wis. 84, the
deed was to a third party in trust for the wife, and the
court said: "It is contended by counsel for the plaintiff
that the conveyance by Paul Bingenheimer to Judge
Paine is void, because the premises sought to be con-
veyed by it were a homestead, and the wife of the grantor
did not join in such conveyance.   The statute then was,
and still is, that a mortgage or other alienation of a home-
stead by the owner thereof, if a married man, shall not
be valid without the signature of the wife to the same.
This statute was enacted to protect the wife, and to en-
able her to protect her family in the possession and
enjoyment of a homestead, after one had been acquired
by her husband; but evidently it was not intended to
interpose obstacles in the way of the conveyance of such
homestead to the wife, or to the wife and children, with
the consent and approval of the wife, whatever might be
the form of such conveyance.

"Under the circumstances of this case, we are of the
opinion that the conveyance to Judge Paine was not an
alienation of the homestead within the meaning and
intent of such statute.   The express trust which was
attempted to be created by that conveyance is clearly a
passive one, and the grantee took no title by virtue of
the conveyance, but the legal estate vested immediately
in the defendant, the plaintiff, and Elizabeth, to the
extent of the estate therein granted to them respect-
ively."

It is claimed by the respondent that the homestead
laws of other states differ from our own, and for that
reason the decisions of the courts of such states cannot
be relied upon.   But we find that the statutes in the
states referred to are the same, in principle, as the code

of this state, in respect to the power and manner of alienating the property. However this may be, we should not hesitate to hold such a conveyance to be valid, independent of authority. That such conveyances should be upheld seems to us to be eminently just and entirely consistent with the letter and spirit of the homestead laws. We can see no just reason for permitting the husband to question his own conveyance of the property, and, as no one else is complaining, or could be injured thereby, the same must be upheld.

The respondent makes the point that this was a mere gift, and the mode of making it being incomplete, it cannot be enforced. If the gift were not perfectly executed and this were an attempt to compel a specific performance, the rule invoked would be applicable. But as we have held that the execution of the conveyance was perfect without the signature and acknowledgment of the wife, and the action is by the grantor to avoid the same, the point is not well made.

2. We pass to the question as to the effect of the divorce upon the title. At the time the divorce proceeding was instituted and the decree rendered therein, the property was a homestead upon the separate property of the wife, by virtue of the declaration by the husband, and his subsequent conveyance to her. There was no adjudication as to their rights in the property. In that proceeding the rights of the parties to the property might have been determined, and if the plaintiff had shown any just ground for setting the whole or any part of the same off to him, this might have been done *for a limited time* under subdivision 4, section 146, of the Civil Code, which provides that "if a homestead has been selected from the separate property of either, it shall be assigned to the former owner of such property, subject to the power of the court to assign it for a limited period to the innocent party."

The husband having conveyed the property to the

wife, by a valid deed, prior to the commencement of the divorce suit, she must be regarded as the "former owner," under this section, and entitled to the property, subject only to the power of the court to set the same apart to the husband, for a limited time, if he appeared to be the innocent party.

It affirmatively appears from the record before us that the plaintiff was not the innocent party in the divorce suit, but if he had been, his only right was to ask to have the property set apart to him in that proceeding. Not having done so, her title to the property became absolute as between them, from the granting of the divorce.

As the facts are fully found by the court, and the error is in the conclusions of law drawn therefrom, a new trial is unnecessary.

The judgment and order appealed from are reversed, with instructions to the court below to enter judgment on the findings in favor of the defendant.

McFARLAND, J., SHARPSTEIN, J., BEATTY, C. J., and THORNTON, J., concurred.

Rehearing denied.