[Turner v. Bernheimer.]

# Turner *v.* Bernheimer.

*Statutory Action in nature of Ejectment.*

| 95 | 241 |
|---|---|
| 107 | 613 |
| 110 | 405 |

| 95 | 241 |
|---|---|
| 144 | 537 |

1. *Conveyance of homestead by husband to wife.*—A conveyance of the homestead by the husband to the wife, delivered to and accepted by her, is not an *alienation* of the homestead within constitutional and statutory provisions (Code, § 2508), and does not destroy or affect its character as a homestead, but is effectual to convey to the wife the legal title to the land, on which she may successfully defend an ejectment suit brought by a subsequent purchaser at execution sale against the husband.

APPEAL from the Circuit Court of Mobile.

Tried before the Hon. WM. E. CLARKE.

This action was brought by Charles Bernheimer against Lewis W. Turner and his wife, Mrs. Sarah A. Turner, to recover the possession of a house and lot in the city of Mobile; and was commenced on the 4th April, 1891. The defendants pleaded not guilty, and the cause was tried on issue joined on that plea. The plaintiff claimed the land as purchaser at execution sale against said L. W. Turner, on the 25th August, 1890; the execution having been levied on the 23d June, 1890, and issued on a judgment against said Turner rendered on the 23d April, 1890, in favor of a partnership of which the plaintiff was a member, which judgment was founded on a debt created in September, 1889. The defendants seem to have claimed the premises as their homestead, and Mrs. Turner claimed them as her own under a deed executed to her by her husband, which was dated December 10th, 1889, recited the payment of one dollar as its consideration, and was duly acknowledged and recorded. The defendants offered this deed in evidence, but the court excluded it, on objection by the plaintiff; and defendants excepted. The defendants then offered to prove that L. W. Turner owned the property, and with his family occupied and claimed it as his homestead, at the time of the levy of the execution, and for several years prior thereto; that he was a resident citizen of Alabama; that the value of the property was not more than $2,000. The court excluded each part of this evidence, on objection by plaintiff, and defendants excepted. The court charged the jury, on request, to find for the plaintiff if they believed the evidence; and to

16

[Turner v. Bernheimer.]

this charge the defendants excepted. The rulings on evidence, and the charge of the court, are here assigned as error.

B. B. Boone, for appellants.—(1.) Under the statutory provisions which have been of force since February 28th, 1887, (Code, §§ 2341-51,) the husband may convey property directly to the wife, and thereby invest her with a legal title to the property conveyed.—*Maxwell v. Grace*, 85 Ala. 577; *Manning v. Pippen*, 86 Ala. 337; *Schlapback v. Long*, 90 Ala. 525. (2.) The conveyance by L. W. Turner to his wife, though effective to pass the legal title to the land, was not an alienation of the homestead, which requires the joint deed of husband and wife (Code, § 2508), and did not destroy the qualities of the property as a homestead. It remained, as before, the family homestead.—Thompson on Homesteads and Exemptions, § 473; Platt on Rights of Married Women, 225, § 70; *Harsh v. Griffin*, 72 Iowa, 608; *Burkett v. Burkett*, 78 Cal. 310, and 12 Amer. St. Rep. 58; *Baines v. Baker*, 60 Texas, 140; *Riehl v. Bingenheimer*, 28 Wisc. 24. (3.) If the property was the debtor's homestead, his conveyance of it to his wife, though voluntary, was not a fraud on his creditors, since they could not be injured by it.—*Fellows v. Lewis*, 65 Ala. 343; *Wright v. Smith*, 66 Ala. 514; *Lehman v. Bryan*, 67 Ala. 558; *Alley v. Daniel*, 75 Ala. 406; *Carhart v. Harshaw*, 30 Amer. Rep. 756; *Pike v. Miles*, 23 Wisc. 164; *Gassett v. Grout*, 4 Metc. 490; *Derby v. Wegruch*, 30 Amer. Rep. 827; *Danforth v. Beattie*, 43 Vt. 138; *Wood v. Chambers*, 29 Texas, 254; *Drentzer v. Bell*, 11 Wisc. 114; 3 Washb. Real Property, 334; Wait's Fraud. Conveyances, § 46. (4.) If the defendant in execution had no title to the property at the time of the levy and sale under execution, the plaintiff acquired nothing by his purchase. *Richardson v. Carrington*, 79 Ala. 101.

Pillans, Torrey & Hanaw, *contra*.—If the property was the homestead of the debtor at the time of the levy, he could have interposed his claim of exemption, which would have given the plaintiff an opportunity to contest the questions of occupancy, value, &c. Instead of doing this, he makes an attempted conveyance to his wife, which is a nullity as an alienation of the homestead, because the wife did not join in it; and it would have been equally invalid if she had joined, because a party can not be both grantor and grantee in a deed.—Code, § 2508; *Cox v. Holcomb*, 87 Ala. 589; *Richardson v. Woodstock Iron Co.*, 90 Ala. 266;

*Trawick v. Davis,* 85 Ala. 342; *Falk v. Hecht,* 75 Ala. 293. The question of homestead being eliminated, because no claim of exemption was interposed, and the deed by the debtor to his wife being void, because voluntary, the property was left subject to the plaintiff's execution, and he was entitled to the general charge on the evidence.

McCLELLAN, J.—The fate of this appeal depends entirely upon whether the husband can convey lands which constitute the family homestead to the wife, the deed to that end being executed by himself alone, but delivered to and accepted by her.

Both the organic and the statute law of Alabama declare, that no alienation of the homestead shall be valid without the voluntary signature and assent of the wife to the instrument intended to have that effect. The "Married Woman's Law" of 1887 removed the legal disabilities theretofore existing between husband and wife to the extent, among others, of enabling the husband generally to sell and convey lands to the wife; but it has never been supposed, and is not, we apprehend, the law, that the statute changed in any way pre-existing requirements in respect of the alienation of the homestead further than this, that if before its passage the husband might have conveyed an equitable title in the homestead to the wife, he may now convey the legal title. So that the question is not really at all affected by the act of 1887; and it comes back to this: Is such a conveyance an *alienation* of the homestead within the meaning of section 2, Art. X of the Constitution, and section 2508 of the Code? If it is, it can not be effective now any more than before the passage of the act of 1887; if it is not, it would have been as effectual in equity before that act, as it would be now at law. And if the husband may convey land constituting the homestead to the wife, his deed for that purpose can not be joined in by the wife— that is, her joinder therein would add nothing to its effect, since she can not be both grantor and grantee in the same instrument.—*Trawick v. Davis,* 85 Ala. 342.

It is manifest, of course, that the requirement of the wife's voluntary signature and assent to any alienation of the homestead is for the protection of the wife, to secure to her a home of which she can not be deprived except through her own free act. As is said by Judge Thompson: "The policy of those statutes which restrain the alienation of the homestead without the wife joining in the deed is to protect the wife, and to enable her to protect the family, in the

[Turner v. Bernheimer.]

possession and enjoyment of a homestead, after one has been acquired by the husband." It is not perceived how this policy of the law could be in any degree thwarted by upholding the husband's conveyance of the homestead *land* to the wife. It is still her homestead, and still incapable of passing from her and the family without her voluntary signature and assent to the instrument operating the alienation. She and the family are as fully protected before as after such conveyance, and no violence is done to any purpose of the law respecting her and her children, by according validity and giving force to such a conveyance. Not only so, but the premises are still as much the homestead of the husband—he has the same right of occupancy and enjoyment—as before the execution of the conveyance ; and this right can not be taken away from him—the wife can not convey the land—without his voluntary assent and signature. And this is true whether he be regarded as still having a special property in the land, by reason of its homestead character, or whether it' be considered that the land belongs absolutely to the wife ; since, even in the latter case, there could be no alienation of it by her without his assent and concurrence, he being *sui juris* and a resident of the State, manifested by his joining in the alienation in the mode prescribed by law for the execution of conveyances of land.—Code, § 2348. It would seem then in all reason that a conveyance of homestead premises by the husband to the wife, while having effect as an alienation of the *land* in the sense of passing the legal title to her, is yet not an alienation of the *homestead*, since that does not thereby pass either from the husband, the wife or the family, but is still in every essential quality and attribute with respect to possession, enjoyment and all the rights necessary to its protection as exempted property, the homestead alike of the husband, the wife and their children. And so it is said further by the eminent author quoted above, that laws requiring the voluntary assent and signature of the wife to an alienation of the homestead, "are not intended to interpose obstacles in the way of a conveyance of the homestead to the wife, or to the wife and children, with the consent and approval of the wife, whatever may be the form of such conveyance."—Thompson on Homestead, &c., § 473. And the adjudged cases fully support not only this text, but the conclusion we have arrived at, that such a conveyance is not an alienation of the homestead within the meaning of the Constitution and statutes of Alabama, but is valid for the purpose of passing

[Craft & Co. v. Stoutz.]

the legal title of the land into the wife, subject to all pre-existing homestead rights, without the voluntary signature and assent of the wife.—*Harsh v. Griffin*, 72 Iowa, 608; *Burkett v. Burkett*, 78 Cal. 310; s. c., 12 Am. St. Rep. 58; *Reihl v. Bingenheimer*, 28 Wis. 24; *Bains v. Baker*, 60 Tex. 140; *Rouhs v. Hooke*, 3 Lea, 302; s. c., 31 Am. Rep. 642; *Spoon v. VanFossen*, 53 Iowa, 494.

The rulings of the trial court to which exceptions were reserved, were made, are attempted to be sustained here, and could be sustained, only on the theory of the invalidity of Turner's deed to his wife. That theory being untenable, each of those rulings, it follows, was erroneous.

The judgment of the Circuit Court is therefore reversed, and the cause remanded.