## PRYAL v. PRYAL.

### S. F. No. 2427; March 5, 1903.

#### 71 Pac. 802.

**Homestead — Deed from Husband to Wife—Death of Wife.—** Code of Civil Procedure, section 1474, provides that if the homestead selected by the husband and wife be selected from community property, it vests absolutely in the survivor on the death of either spouse. A homestead selected from community property was deeded to the wife by a deed signed by the husband alone, and the wife alone deeded it to a third party. Held, that the deed from the husband did not destroy the homestead, nor the husband's right of survivorship, and on the death of the wife the husband, and not the wife's grantee, was entitled to the property.

**Community Property—Conveyance by Wife—Action by Husband's Heirs.—**Act of March, 1897, amending Civil Code, section 164, so as to make a conveyance to a married woman by instrument in writing presumptive evidence that title is thereby vested in her, provides that in cases where married women have conveyed real property which they acquired prior to May 19, 1889, "the husbands or their heirs or assigns, of such married women," shall be barred from maintaining any action to show that the real property was community property, unless begun within one year from the date of the taking effect of the act. Code of Civil Procedure, section 434, declares that if no objection be taken to the complaint, either by demurrer or answer, defendant must be deemed to have waived the same, except, etc. Held, that where the wife's grantees failed to object that an action by the husband's heirs to recover alleged community property conveyed by her to them was not brought within the time prescribed by the act of 1897, they could not raise that objection on appeal.

APPEAL from Superior Court, Alameda County; F. B. Ogden, Judge.

Action by Andrew D. Pryal against William A. Pryal. From a judgment for plaintiff, defendant appeals. Affirmed.

Fitzgerald & Abbott for appellant; Nye & Kinsell for respondent.

COOPER, C.—Action to quiet title to two separate pieces of real estate situate in Alameda county. Plaintiff had judgment and defendant appeals from the judgment on the judgment-roll.

1. In November, 1867, plaintiff resided with his wife, Mary A. Pryal, upon the first piece of property described in the complaint, and on said day he made in due form a declaration of homestead thereon, which was duly recorded. At the time of making the declaration the property was community property, and it will be hereafter called the homestead. In the year 1879 the plaintiff, by deed of gift, signed by himself alone, conveyed the homestead to his wife. In August, 1896, the wife, by deed of grant, bargain and sale, purported to convey the homestead to defendant, the son of plaintiff and his deceased wife. Plaintiff, with his wife and family, resided upon the homestead from the date of the making thereof until the death of the wife, in September, 1896. In whom is the title to the homestead?

It is provided in Code of Civil Procedure, section 1474: "If the homestead selected by the husband and wife, or either of them, during their coverture, and recorded while both were living, was selected from the community property . . . . it vests, on the death of the husband or wife, absolutely in the survivor." The homestead was selected from the community property, and hence vested, on the death of the wife, in the surviving husband. It is claimed by appellant that the deed made by the husband to the wife in 1879 had the effect of destroying the community character of the property, and making it thereafter the separate property of the wife. If we concede such to have been the effect of the deed, it does not follow that it destroyed the homestead, nor the right of survivorship therein given under the statute. The homestead cannot be conveyed, nor encumbered in any way, so as to destroy its homestead character, unless the instrument by which it is sought to convey or encumber it is executed and acknowledged by both husband and wife. The purpose of the law is to place it beyond the power of either spouse, acting alone, to destroy the homestead character impressed upon the real estate or to encumber it in any way. The deed of gift to the wife, therefore, did not in any way destroy the homestead, nor the rights of the husband and wife, or either of them, thereto as a homestead.

It is said that the deed to the wife did not affect the homestead, but made it thereafter a homestead upon the separate property of the wife, to be treated as if selected on her separate property, without her consent, for the reason that the

deed to the wife carried the husband's title subject to the homestead. The case of Burkett v. Burkett, 78 Cal. 310, 12 Am. St. Rep. 58, 3 L. R. A. 781, 20 Pac. 715, is relied upon, and it is claimed that that case holds to the effect that after the deed to the wife the homestead must thereafter be treated as selected from the separate property without the consent of the wife. That case does not go to the extent claimed here. It was held there that the conveyance by the husband to the wife passed the title to the wife subject to the homestead. The court was discussing a question as to the disposition of property on divorce proceedings, under subdivision 4, section 146 of the Civil Code, which provides: "If a homestead has been selected from the separate property of either it shall be assigned to the former owner of such property, subject to the power of the court to assign it for a limited period to the innocent party." The object of the section is to give to the owner of separate property his or her property, freed from the homestead, subject to the right of the court to set it aside for a limited period to the innocent party. The section sets forth a rule as to the separate property of husband or wife, and evidently refers to the character of the property at the time of granting the divorce. There the homestead had been selected. It had been selected from the property that was, at the time of granting the divorce, the separate property of the wife. The court was dealing with such separate property which had been impressed with the character of a homestead. The disposition of the homestead is not, under the section, made to depend in any degree upon the question as to who made the homestead declaration, but it is intended to give the separate property to the owner of such separate property, even though it has been impressed with the character of a homestead. That was the ruling of the court, as we understand the decision, for therein it is said: "At the time the divorce proceeding was instituted and the decree rendered therein, the property was a homestead upon the separate property of the wife, by virtue of the declaration of the husband, and his subsequent conveyance to her. . . . . The husband having conveyed the property to the wife, by a valid deed, prior to the commencement of the divorce suit, she must be regarded as the 'former owner' under this section, and entitled to the property, subject only to the power of the court to set the same apart to the husband, for a lim-.

ited time, if he appeared to be the innocent party." What is there said is not in the least inconsistent with our conclusion here. The court was not dealing with a homestead selected from community property after the death of one of the spouses. The views we have expressed are not only consistent with Burkett v. Burkett, supra, but supported by the later case, In re Lamb's Estate, 95 Cal. 406, 30 Pac. 568. It is there said: "When the statute speaks of the selection of a homestead from the 'separate property of the person selecting or joining. in the selection of the same,' it has reference to the status of the property at the time when the selection is made." We therefore conclude that the title in the homestead vested in the plaintiff on the death of the wife.

2. The second tract of land will be called the "Oakland Property." This was purchased by Mary A. Pryal in September, 1887, with community funds, and therefore became community property. In August, 1896, the said Mary A. Pryal executed and delivered to defendant a deed of grant to the Oakland property. The husband alone has the power to dispose of community property: Civ. Code, sec. 172; Parry v. Kelley, 52 Cal. 334. Therefore, the deed, made to defendant by his mother in her lifetime, did not convey the title.

In March, 1897, section 164 of the Civil Code was amended so as to make a conveyance to a married woman, by an instrument in writing, presumptive evidence that the title is thereby vested in her. This section as amended contains the provision: "And in cases where married women have conveyed, or shall hereafter convey, real property which they acquired prior to May 19, 1889, the husbands or their heirs or assigns, of such married women, shall be barred from commencing or maintaining any action to show that said real property was community property, or to recover said real property, as follows: As to conveyances heretofore made from and after one year from the date of the taking effect of this act." This action is, in effect, for the purpose of showing that the Oakland property was community property within the meaning of the section as amended. It was commenced in August, 1898, more than one year from the date of the taking effect of the act. The action, therefore, would appear to have been barred by the above statute, if the statute had been pleaded.

The section clearly lays down a limitation as to the time of commencing or maintaining such actions. It is referred to

and treated as a statute of limitations by this court in Peiser v. Griffin, 125 Cal. 14, 57 Pac. 690. But in this case the defendant did not raise the question as to the statute of limitations, either by demurrer or answer. There is no finding as to the question, and evidently no such issue was made in the court below. Defendant will not be allowed to raise the question here for the first time: Code Civ. Proc., sec. 434; Brown v. Martin, 25 Cal. 91; People v. Broadway Wharf Co., 31 Cal. 34; Manning v. Dallas, 73 Cal. 420, 15 Pac. 34; Reagan v. Justice's Court, 75 Cal. 255, 17 Pac. 195. The Oakland property was therefore correctly held to be the property of plaintiff.

It follows that the judgment should be affirmed.

We concur: Haynes, C.; Smith, C.

PER CURIAM.—For the reasons given in the foregoing opinion the judgment is affirmed.