# Bassett, *et al. v.* Powell, *et al.*

## *Ejectment.*

(Decided November 14, 1912.   60 South. 88.)

1. *Homestead; Alienation; Conveyance to Wife.*—The conveyance by a husband of a life estate in the homestead to his wife without her voluntary signature and assent, was not an alienation of the homestead, and the right to the homestead remained in the wife just as though no conveyance had been made.

2. *Same; Vesting Title.*—Where the husband died in 1901, leaving no other real estate than the homestead, the title to the same vested absolutely in the widow, without administration or selection.

[Bassett, et al. v. Powell, et al.]

3. *Appeal and Error; Decision.*—Where the case below is tried upon an agreed statement of fact, and the facts as agreed do not support the judgment rendered, the appellant court will render proper judgment without remandment.

APPEAL from Pike Circuit Court.

Heard before Hon. H. A. PEARCE.

Ejectment by Martha Powell and others, against Will Bassett and others. Judgment for plaintiffs and defendants appeal. Reversed and rendered.

The following is the agreed statement of facts: "On and prior to September 21st, George W. White owned and was seised and possessed of the land sued for in the complaint, which was the homestead of said White, and was occupied by him and his wife. It was all the real estate owned by him, was not located in a city, town, or village, was less in area than 160 acres, and in value than $2,000. On the date above mentioned, while White and his wife were so occupying the land, White executed a deed to her, conveying to her a life estate in the said land, and the deed was properly recorded. [Deed is here set out.] After the execution of the deed, White and his wife continued to occupy said land as a homestead until his death in May, 1901. It was agreed that White was a bona fide resident citizen of Pike county, Ala., at the time of his death, and left surviving him his widow, but no minor children, and did not own at the time of his death personal property in excess of $1,000, and had no other real estate than the real estate here in question, and that no administration was had on the estate, and no proceedings to set apart the same to the widow. After the death of said White, his wife continued to occupy the land until the 4th day of October, 1904, when she sold and conveyed the land to one Lane Enzor, and placed him in possession. [A copy of this deed is set out.] It is further agreed that

Enzor has remained in possession of the land ever since the execution of the deed, claiming it as his under the deed; that Vinie White, wife of George White, died during the month of May, 1911; that the plaintiffs are the only heirs at law of said George W. White; and that Will Bassett was in possession of the land as the tenant of Lane Enzor.' At the conclusion of the evidence the court gave the plaintiffs the general·affirmative charge at their request, and refused a like charge for the defendants.

E. R. BRANNEN, for appellant. The court erred in charging affirmatively for plaintiffs, and in refusing to charge affirmatively for defendants. The homestead never passed by the deed and the husband dying without other lands than the homestead, the title vested absolutely in the widow without administration or selection.—Sec. 4161, Code 1907; *Parks v. Barnett,* 104 Ala. 538; *Thompson v. N. E. M. S. Co.,* 110 Ala. 405; sec. 2071, Code 1896; *Jackson v. Wilson,* 117 Ala. 432; *Brooks v. Johns,* 119 Ala. 412; *Quinn v. Campbell,* 126 Ala. 280; *Tartt v. Negus,* 127 Ala. 301; *Faircloth v. Caroll,* 137 Ala. 243.

FOSTER, SAMFORD & CARROLL, for appellee. The owner of the homestead can convey the same if thereby he protects the homestead rights.—*Turner v. Bernheimer,* 95 Ala. 241; *Robinson v. Legrand,* 65 Ala. 111; 21 Cyc. 535; 15 A. & E. Enc. 673. Unless owned in common, the husband and wife cannot at the same time own the homestead.—*Johnson v. Beard,* 87 Ala. 729. One cannot have a homestead right where his interest is a future or contingent one.—21 Cyc. 503, and cases cited; 15 A. & E. Enc. of Law, 557; *Thacker v. Morris,* 166 Ala. 395.

[Bassett, et al. v. Powell, et al.]

ANDERSON, J.—The land in question was the homestead of George White at the time he conveyed the life estate in same to his wife, and whether the deed conveyed the remainder to his heirs or reserved the same to himself matters not, as there was no separate voluntary release of same by the wife, as is required by law, and said deed was inoperative as an alienation of the homestead right. The deed to the wife may have operated to pass the legal title to the life estate to her; but, being without her voluntary signature, said conveyance was subject to all pre-existing homestead rights. We think that what was said in the case of *Turner v. Bernheimer,* 95 Ala. 241, 10 South. 750, 36 Am. St. Rep. 207, is decisive of the case at bar. There the court, after discussing a conveyance of the homestead by the husband to the wife, speaking through McClellan, J., among other things said: "It would seem, then, in all reason, that a conveyance of homestead premises by the husband to the wife, while having effect as an alienation of the *land* in the sense of passing the legal title to her, is yet not an alienation of the *homestead,* since that does not thereby pass either from the husband, the wife, or the family, but is still in every essential quality an attribute, with respect to possession, enjoyment, and all the rights necessary to its protection as exempted property, the homestead alike of the husband, the wife, and their children. And so it is said further by the eminent author quoted above that laws requiring the voluntary assent and signature of the wife to an alienation of the homestead 'are not intended to interpose obstacles in the way of a conveyance of the homestead to the wife, or to the wife and children, with the consent and approval of the wife, whatever may be the form of such conveyance.'—Thompson on Homestead,

[Bassett, et al. v. Powell, et al.]

etc., § 473. And the adjudged cases fully support, not only this text, but the conclusion we have arrived at, that such a conveyance is not an alienation of the homestead within the meaning of the Constitution and statutes of Alabama, but is valid for the purpose of passing the legal title of the land into the wife, subject to all pre-existing homestead rights, without the voluntary signature and assent of the wife.—*Harsh v. Griffin,* 72 Iowa, 608 [34 N. W. 441]; *Burkett v. Burkett,* 78 Cal. 310 [20 Pac. 715, 3 L. R. A. 781], 12 Am. St. Rep. 58; *Riehl v. Bingenheimer,* 28 Wis. 84; *Baines v. Baker,* 60 Tex. 140; *Ruohs v. Hooke,* 3 Lea [Tenn.] 302, 31 Am. Rep. 642; *Spoon v. Van Fossen,* 53 Iowa, 494 [5 N. W. 624]."

It results that the deed in question was not an alienation of the homestead, and to all intent and purpose the right to same remained in the wife, just as if the deed had not been made, and, as the husband owned no other land, the title to the homestead vested absolutely in the wife upon his death, without administration or selection. The statutes, as existing under the Code of 1896, control the present case, which, as construed in the case of *Faircloth v. Carroll,* 137 Ala. 243, 34 South. 188, and cases there cited, sanction the holding that the title to the homestead vests absolutely in the widow, if there is no other real estate, without administration or selection.

The trial court erred in giving the general charge for the plaintiffs, and in not giving it for the defendants, and the judgment of the circuit court is reversed. As the case was tried upon an agreed statement of facts, a remandment can serve no good purpose, and a judgment is here rendered for the appellants, the defendants in the court below.—Code 1907, § 2890; *Pike v. Bright,*

[McCurdy, et al. v. Kenon, et al.]

29 Ala. 332; *Lynch v. State,* 147 Ala. 143, 39 South. 912, 10 Ann. Cas. 910.

Reversed and rendered. All the Justices concur.