# Wallace, *et al. v.* Feibelman.

## *Ejectment.*

(Decided November 21, 1912.   Rehearing denied December 17, 1912.
60 South. 290.)

1. *Homestead; Conveyance by Husband to Wife; Signature of Wife.*—Although a conveyance of a homestead is void unless voluntarily signed and acknowledged by the wife, separate and apart from the husband under section 4161, Code 1907, section 205 Constitution 1901, yet a conveyance by the husband to the wife, if accepted by her, is valid, although not signed and acknowledged by her.

2. *Same.*—Under section 2508, Code 1886, a conveyance of a homestead by a husband to his wife and five minor children, in which the wife did not join was void as a conveyance of the five-sixths interest to the children.

3. *Same; Mortgage; Validity.*—Where a husband had conveyed the homestead to the wife and five minor children, but which conveyance was void as to the interest conveyed to the children, because the wife did not join therein, and the husband thereafter executed mortgages on the property in which the wife joined, such mortgages covered not only the interest of the wife, but that attempted to be conveyed to the children, there being no claim that the wife signed the same as surety for the husband.

4. *Adverse Possession; Color of Title.*—Under the circumstances shown in this case the children could not acquire title to the homestead by adverse possession while it was being actually occupied by

the father and hence the deed to them, it being void as a conveyance, was not admissible as evidence of color of title to support adverse possession against the mortgagee under a mortgage from the father and wife, or the assignees of such mortgages.

APPEAL from Marengo Law & Equity Court.

Heard before Hon. EDWARD J. GILDER.

Ejectment by H. A. Feibelman, against Dina Wallace and others. Judgment for plaintiff and defendant appeals. Affirmed.

REESE & REESE, and B. F. ELMORE, for appellant. The voluntary assent of the wife and her signature to the conveyance of the homestead to her is not an essential under our constitution and statutes.—*Turner v. Bernheimer*, 95 Ala. 244; section 2058, Code 1896; section 205 Constitution 1901; Thompson on Homestead, section 474; 28 Wisc. 85. The deed to the children was admissible as color of title.—*Henry v. Brown*, 143 Ala. 446; *Davis v. Arnold*, 143 Ala. 228; *Reddick v. Long*, 124 Ala. 260.

W. F. HERBERT, for appellee. The court was not in error in not allowing the deed executed by Wallace to his wife and children to be admitted in evidence as it was void as to the five children and the mortgage from the defendant and his wife absorbed all the interest she had in the property.—*Marks v. Threat*, 131 Ala. 140; *Clark v. Byrd*, 168 Ala. 278; *Winkles v. Powell*, 55 South. 536; section 205, Constitution 1901; section 4161, Code 1907.

DE GRAFFENRIED, J.—A conveyance by the husband of his homestead to his wife, if accepted by the wife, is, under the laws of this state, a valid conveyance of the legal title, although the wife may not sign or acknowledge the conveyance.—*Turner v. Bernheimer*,

95 Ala. 244, 10 South. 750, 36 Am. St. Rep. 207.   A conveyance by the husband of his homestead to any person other than his wife is, unless the conveyance is voluntarily signed and acknowledged by his wife, separately and apart from the husband, void under the laws of this state.—Const. Ala. 1901, § 205; Code of Alabama, 1907, § 4161.

The conveyance to which we hereinafter refer was executed prior to the adoption of the Constitution of 1901, and the Code of 1886, which controlled when said conveyance was executed, contained provisions identically similar to those in the Constitution of 1901, and the Code of 1907, above cited.   In other words, the law of the state on the subject under discussion was the same when the conveyance was executed as it is today.

1. On the 4th day of January, 1890, Calvin Wallace, the husband of Dina Wallace, and the father of five minor children, the oldest of whom was then only 13 years of age, executed and delivered to his said wife and children a deed conveying to them as tenants in common, share and share alike, the house and lot in controversy.   The house and lot was then the homestead of the grantor.   The wife and children at the time of the conveyance resided there with him, and the grantor resided there with his said wife until his death, which occurred shortly before the bringing of this suit, and about 20 years after the execution of said conveyance.   The property covered by the conveyance was in area and value less than that fixed by our laws for the homestead.   The wife after the death of the husband continued to reside upon said property until this suit was brought.   The above conveyance operated as a valid conveyance by the husband to the wife of the legal title to an undivided one-sixth interest in the land, but was void as a conveyance to the children of the oth-

er five-sixths interest.—*Turner v. Bernheimer, supra.*
The law hates an indirection, and will not permit that
to be done by indirection which cannot be directly done.
A conveyance to six grantees which conveys an undi-
vided one-sixth interest in a tract of land to each gran-
tee has the same legal effect as six simultaneous sepa-
rate conveyances, each of said conveyances conveying
an undivided one-sixth interest in the land to each of
said six grantees. The above conveyance had the same
legal effect as if the husband had by one conveyance
conveyed an undivided one-sixth interest to the wife,
and by another conveyance, without the voluntary sig-
nature of the wife acknowledged as required by law,
conveyed the other five-sixth interest to said five chil-
dren. This latter deed would, of course, under our Con-
stitution and statutes be void.

In the case of *Turner v. Bernheimer,* above cited,
this court decided that a conveyance of the homestead
by the husband to the wife, delivered to and accepted by
her, was not an alienation of the homestead within our
constitutional and statutory provisions, and was effect-
ual to convey to the wife the legal title to the land, and
that was all that this court in that case did determine.
The quotation in the opinion in that case from Thomp-
son on Homesteads, § 473, that laws requiring the vol-
untary assent and signature of the wife to an alienation
of the homestead "are not intended to interpose obsta-
cles in the way of a conveyance of the homestead to the
wife or to the wife and children, with the consent and
approval of the wife, whatever may be the form of
such conveyance," has no applicability, so far as con-
veyances to children are concerned, to the subject of
the alienation of homesteads in Alabama under its Con-
stitution and statutes. Section 2508 of the Code of Ala-
bama of 1886, the Code which existed at the time of this

conveyance, expressly declares that "no mortgage, deed or other conveyance of the homestead by a married man shall be valid without the voluntary signature and consent of the wife, which must be shown by her examination, separate and apart from him, before an officer authorized to take acknowledgments," etc. That section, which is section 4161 of the Code of 1907, controls the deed under consideration and under the express language of that section as construed and explained in *Turner v. Bernheimer, supra,* the deed operated as a valid conveyance to the wife of the legal title to an undivided one-sixth interest in the lands in controvery, and left remaining in the grantor the title and ownership of the other undivided five-sixth interest, to the same extent as if the conveyance had never been made.

2. On the 13th day of September, 1907, the said Calvin Wallace and wife, Dina Wallace, executed and delivered to the H. L. Wood Lumber Company a mortgage on said lands to secure an indebtedness of $454.40, which fully matured on September 13, 1911. On October 2, 1909, the same parties executed and delivered to said lumber company another mortgage on the same lands to secure an indebtedness of $107, which matured on October 1, 1910. The debts secured by these mortgages were not paid, and, before this suit was brought, these mortgages were properly transferred and assigned to the plaintiff, who is the appellee here. This was an action of ejectment, and was brought by the plaintiff against the said Dina Wallace and said five children, grantees in the above-mentioned deed, for the possession of the said lands described in the said deed and in said mortgage. The plaintiff proved that at the time of the execution and delivery of said mortgages the said Calvin and Dina Wallace were in possession of the said land, introduced in evidence the said mortgages and the

[Wallace, et al. v. Feibelman.]

instruments evidencing their previous assignment to the plaintiff, and rested his case. Thereupon the defendants offered said deed in evidence as a defense to said suit but, upon objection of the plaintiff, the court refused to allow said deed to be introduced in evidence as a defense to the action, and the defendants reserved an exception, and here assign that ruling of the court as error. As Dina Wallace, in signing and delivering said mortgages, conveyed all interest that she had in said land, and as the deed was void as to the other grantees, the above ruling of the court was in accordance with the law. It is not contended that Dina Wallace, when she executed and delivered said mortgages, did so as a surety for her husband, or that the mortgages were not effectual as to any interest that she may have had in said lands. Neither is it contended that the assignments of the mortgages by the lumber company did not pass into the plaintiff the legal title to the land if the mortgagees therein by virtue of said mortgages obtained the legal title thereto.

3. The bill of exceptions recites that after the trial court had excluded the deed above referred to from the evidence, as a defense to said suit, "the defendanats reoffered said deed, and stated to the court that it was offered as color of title and would be followed up with evidence showing adverse possession by the defendants of the lands sued for for more than 10 years, and, perhaps, 20 years, and it was offered for the purpose of showing color of title." While a void deed may furnish color of title to a party in the adverse possession of lands, claiming title adversely to that of the true owner, and while the deed in question may not have been subject to the identical objection interposed by the plaintiff to it, the deed, under the circumstances shown by the bill of exceptions in this case, was not admissible

in evidence, and the court properly excluded it. In the first place, it was offered by all of the defendants jointly. It was not as to the widow of Calvin Wallace admissible for any purpose. Her interest in the land was the property of the plaintiff by virtue of the mortgages which she, with Calvin Wallace, had executed to the lumber company, and which had been transferred and assigned to the plaintiff. In addition to the above, the defendants made the following admission, in open court, while the plaintiff was offering his testimony: "That on the 4th day of January, 1890, the date of the deed from Calvin Wallace to Dina Wallace and the children of said Calvin and Dina Wallace, the property therein described and being the property mentioned in the complaint in this case, was the homestead of said Calvin Wallace, the grantor; that it was in area and value less than the area and value fixed by law for the homestead, and at all times since has been less in such area and value; that said Calvin and his wife continued to occupy said premises until his death on the ——— day of ———, 1911, and Dina Wallace has occupied said premises ever since." The above admission clearly shows that after the execution of the conveyance there was no actual change in the occupancy of the premises; and the argument of Chief Justice McCLELLAN in in *Turner v. Bernheimer, supra,* supporting a conveyance of the homestead by the husband to the wife as not an alienation of the homestead, upon the ground that after such conveyance of the homestead, the use and occupancy of the property remains the same, it seems to us amply supports the view that as between the defendants and the husband and father—the head of the household —there could be no such thing as an acquisition by the children of the title to the homestead by adverse possession while that homestead remained in the actual oc-

cupancy of the father. At best, the possession was a mixed possession, and was referable to the true title, the title which remained in the father when the conveyance was executed. If, after the execution of the conveyance, the father had abandoned the property, and the wife and children had remained in its possession, claiming it as their own in fee simple by virtue of said deed, a very different situation would exist.—*Bassett v. Powell*, 78 Ala. 340, 60 South. 88.

The rulings of the trial court were free from error, and the judgment of the court below is affirmed.

Affirmed. All the Justices concur, except DOWDELL, C. J., not sitting.