## Richmond.

WALTER C. RUSS, ET ALS. v. WARREN A. KING, ET ALS.

March 19, 1925.

Case submitted for decision before Judge Kelly qualified.

1. HOMESTEAD EXEMPTIONS—*Conveyance of Homestead by Husband Directly to Wife—Code of 1887, Sec. 3634.*—A husband may convey a homestead in real property directly to his wife, so as to bar his heirs at law, who are not his children, after her death, from thereafter claiming the property as his heirs at law. Section 3634 of the Code of 1887 requiring husband and wife to join in a deed of the homestead refers only to alienations of the homestead to third persons.

2. HOMESTEAD—*Conveyance of Homestead Directly to Wife by Husband—Validity.*—A conveyance of a homestead in real property directly to his wife by the husband impairs no right of his wife or children and does not change the character of the estate held in the property. It still remains the homestead of the family, which cannot be alienated to a stranger, except by the joint deed of the husband and wife, and continues subject to the rights of the husband, wife and children therein and thereto as defined by law. While the deed vested the legal title to the estate in the wife, it neither curtailed nor destroyed the homestead as such. Hence it is not such an alienation of the homestead as is prohibited by section 3634 of the Code of 1887.

Error to a judgment of the Circuit Court of the city of Norfolk, in an action of ejectment. Judgment for defendants. Plaintiff assigns error.

*Affirmed.*

The opinion states the case.

*James G. Martin & Bro.*, for the plaintiffs in error.

*E. S. Merril* and *H. B. G. Galt*, for the defendants in error.

PRENTIS, P., delivered the opinion of the court.

[1] The single question involved here is whether or not a husband may convey a homestead in real property directly to his wife, so as to bar his heirs at law, who are not his children, after her death, from thereafter claiming the property as his heirs at law.

C. J. Russ, on September 15, 1910, claimed his homestead exemption in certain real estate in Norfolk by proper homestead deed, and shortly thereafter, on November 10, 1910, by his sole deed, in which his wife, Lelia M. Russ, did not join, conveyed it directly to her. C. J. Russ died intestate without descendants, and the plaintiffs here, his brothers and sisters, are his heirs at law. His widow, Lelia M. Russ, the grantee in the deed, married Walter A. King, and died intestate in 1913, leaving her husband, Walter A. King, surviving as her sole heir at law, the defendant.

There was a jury trial and the court instructed them that the deed from C. J. Russ to Lelia M. Russ, dated November 10, 1910, is a valid and subsisting deed, and that they should find for the defendants. The verdict and judgment of which the plaintiffs are here complaining followed.

The errors assigned are, the granting of the instruction asked by the defendants and the refusing of two instructions offered for the plaintiffs, one to the effect that the deed was invalid, and directing the jury to find for the plaintiffs, and the other to allow them damages for the fair rental value, during the period the defendant held possession thereof. So that, if the instruction which was given correctly construed the deed and statute applicable to these facts, the judgment should be affirmed; if not, it should be reversed.

The clause of the statute in force at the time of this

conveyance, part of section 3634, Code of 1887, so construed, reads: "The real estate set apart, as aforesaid, shall not be mortgaged, encumbered or aliened by the householder, if a married man, except by the joint deed of himself and his wife." This statute has been amended (Code, 6535) so that now, to use the words of the new statute, "such real estate may be sold and conveyed as other real estate" without the qualifying restraint which appeared in the former statute and upon which the plaintiffs in error are here relying to show the invalidity of the conveyance. They also rely upon the case of *Virginia-Tennessee Coal & Iron Co.* v. *McClelland*, 98 Va. 424, 36 S. E. 479. In that case, however, the conveyance was not directly to the wife, but to a third person. Where either the husband or the wife undertakes by sole act to convey the homestead to a third person, it is universally held, under similar statutes, so far as we know, that such conveyance is void. Where, however, the husband undertakes to convey such real estate directly to his wife, there is some contrariety in the decisions, but the weight of authority, as expressed by the text writers and adjudged in the cases, is to the effect that such a conveyance is sufficient to vest the legal title in the wife as against the husband and those claiming under him, without affecting, however, the rights of any of those directly interested therein, or the attributes of the property itself as a homestead.

In Thompson on Homesteads and Exemptions, section 473, this is said: "The policy of those statutes which restrain the alienation of the homestead without the wife joining in the deed is to protect the wife, and to enable her to protect the family, in the possession and enjoyment of a homestead, after one has been acquired by the husband. They are not intended to

interpose obstacles in the way of a conveyance of the homestead to the wife, or to the wife and children, with the consent and approval of the wife, whatever may be the form of such conveyance."

In accordance with this view, it has been held in *Riehl* v. *Bingenheimer*, 28 Wis. 84, that a conveyance of an undivided three-fourths of the husband's homestead to one as trustee for the grantor's wife and two children was not void for want of the wife's signature, since it was not an "alienation" of the homestead, within the meaning of the statute.

In Waples on Homestead and Exemption, page 395, section 9, this, which is well supported by the cases, is said: "Family protection being the object of the law when inhibiting alienation, there is no contravention of the spirit of the law when the homestead is conveyed to his wife, or to his wife and children, by the owner who is the head of the family." And again in the same section: "Though a statute provides that 'the homestead of a married person cannot be conveyed or incumbered unless the instrument by which it is conveyed or incumbered is executed and acknowledged by both husband and wife,' yet the husband alone may convey it to his wife. If the transaction is free from fraud, and the rights of creditors and subsequent purchasers are not contravened, there is no necessity for both husband and wife to join in conveying to a third person, that such person may then deed the property to her. The direct conveyance is as good as though the title had taken the circumlocutory course through a third party as trustee. The rule fails when the reason fails. The rule is that both spouses shall join in the conveyance; what is the reason? This restraint upon alienation is for the protection of the marital parties, especially the wife, and to secure a home for the family."

The general rule is that such "statutes refer only to alienations of the homestead to third persons, and that to require the wife or the husband to unite in a conveyance to herself or himself, as the case may be, would be to demand the performance of an absurd and idle act." 13 R. C. L., section 93, page 633; 29 C. J. 896.

Among the leading cases is. *Burkett* v. *Burkett*, 78 Cal. 310, 20 Pac. 715, 3 L. R. A. 781, 12 A. S. R. 58. In distinguishing the cases which hold such conveyances invalid when made to third parties, this is said: "The cases cited construe the statute as enacted in the interest of the wife, where the declaration is by the husband, and hold that no conveyance in derogation of her rights under the homestead can be effective unless she joins in the same. But all of the cases relate to conveyances to third parties, which are necessarily in derogation of her homestead rights. It is true the case of *Tipton* v. *Martin* [71 Cal. 325] was a conveyance to the wife, but only in trust and for the benefit of the *cestui que* trust. The case before us presents an entirely different question. The conveyance was not in derogation of the homestead rights of the wife. Being a conveyance of the legal title from one of the joint owners of the homestead right to the other, the property must be held to remain a homestead as before. The requirement of the statute that the wife shall join in the conveyance only applies to a conveyance or abandonment of the homestead. As the deed under consideration did not in any way affect the homestead, it is not within the statute, and no reason occurs to us for holding such a conveyance to be void." There the wife's title under such a deed was held good against her husband who was the grantor in the deed, and from whom she had been subsequently divorced.

*Turner* v. *Bernheimer*, 95 Ala. 241, 10 So. 750, 38

Am. St. Rep. 207, is quite convincing. It is there held that such a conveyance is valid in favor of the wife as against the husband, but that the land still remains their homestead in every essential quality and attribute, and cannot be taken under execution, nor again conveyed without the voluntary consent and signature of both husband and wife. Referring to the statement from Thompson which we have quoted, this is there said: "It is not perceived how this policy of the law could be in any degree thwarted by upholding the husband's conveyance of the homestead land to the wife. It is still her homestead, and still incapable of passing from her and the family without her voluntary signature and assent to the instrument operating the alienation. She and the family are as fully protected before as after such conveyance, and no violence is done to any purpose of the law respecting her and her children by according validity and giving force to such a conveyance. Not only so, but the premises are still as much the homestead of the husband—he has the same right of occupancy and enjoyment—as before the execution of the conveyance; and this right cannot be taken away from him—the wife cannot convey the land—without his voluntary assent and signature. * * * It would seem then in all reason that a conveyance of homestead premises by the husband to the wife, while having effect as an alienation of the land in the sense of passing the legal title to her, is yet not an alienation of the homestead, since that does not thereby pass either from the husband, the wife or the family, but is still in every essential quality and attribute with respect to possession, enjoyment, and all the rights necessary to its protection as exempted property, the homestead alike of the husband, the wife, and their children."

This construction of the statute is approved by the Supreme Court of the United States in affirming the case of *Luhrs* v. *Hancock*, 181 U. S. 573, 21 S. Ct. 726, 45 L. Ed. 1008, from Arizona, in which the holding of *Burkett* v. *Burkett, supra,* and many other cases of similar import are approved as supported by the better reasoning.

Such deeds, in many States where the restraining statutes are similar, have been very generally upheld, as is apparent from the cases which we are about to cite.  In addition to the cases which we have already cited, we find:  *Tatum* v. *Tatum,* 191 Ala. 45, 67 So. 977; *Bassett* v. *Powell,* 178 Ala. 340, 60 So. 88; *Wallace* v. *Feibelman,* 179 Ala. 589, 60 So. 290; *Luhrs* v. *Hancock,* 6 Ariz. 340, 57 Pac. 605; affirmed by U. S. Sup. Ct. in *Luhrs* v. *Hancock, supra;* and *Kindley* v. *Spraker,* 72 Ark. 228, 79 S. W. 766, 105 A. S. R. 32; *Polk* v. *Stephens,* 126 Ark. 159, 189 S. W. 837; *Harsh* v. *Griffin,* 72 Ia. 608, 34 N. W. 441; *Beedy* v. *Finney,* 118 Ia. 276, 91 N. W. 1069; *Furrow* v. *Athey,* 21 Neb. 671, 33 N. W. 208, 59 Am. Rep. 867; *Hall* v. *Powell,* 8 Okla. 276, 57 Pac. 168; *Earl* v. *Mundy* (Tex. Civ. App.), 227 S. W. 970; *Thompson* v. *McConnell,* 107 Fed. 33, 46 C. C. A. 124; *Rawlins* v. *Dade L. Co.,* 80 Fla. 398, 86 So. 334; *Wehe* v. *Wehe,* 44 N. D. 288, 175 N. W. 366.

It is urged by the plaintiff in error here that a husband should not be allowed "to claim his homestead as the head of a family, and then, as it were, resign as head by making a deed to his wife.  Then it is further said that such a deed, "if valid, would bar even his curtesy, so that thereafter the wife could convey the property to an entire stranger without the husband joining at all in the deed to the stranger."

[2] For the contention that the husband could be barred even of his curtesy by the sole act of his wife,

*Ratliff* v. *Ratliff*, 102 Va. 880, 47 S. E. 1007, is cited. We cannot agree, however, that the citation is illuminating here because there was no homestead involved in that case.   Our conclusion here then accords with that expressed by the Alabama court, that such a conveyance by the sole act of the husband impairs no right of his wife or children and does not change the character of the estate held in the property.   It still remains the homestead of the family, which cannot be alienated to a stranger, except by the joint deed of the husband and wife, and continues subject to the rights of the husband, wife and children therein and thereto as defined by law.   While the deed vested the legal title to the estate in the wife, it neither curtailed nor destroyed the homestead as such.   Hence it is not such an alienation of the homestead as is prohibited by the statute.

For these reasons the judgment will be affirmed.

*Affirmed.*