[Civil No. 669.    Filed June 2, 1899.]

[57 Pac. 605.]

GEORGE H. N. LUHRS, Plaintiff and Appellant, v. WILLIAM A. HANCOCK et al., Defendants and Appellees.

1. HOMESTEAD—CONVEYANCE—BY HUSBAND TO WIFE—COMP. LAWS ARIZ. 1877, PAR. 2141, CONSTRUED.—Paragraph 2141, *supra,* providing that no alienation of a homestead by a married man shall be valid without the signature of the wife, acknowledged by her separately and apart from her husband, has no application to a conveyance of a homestead by a husband to his wife.

2. REAL PROPERTY—CONVEYANCE BY HUSBAND TO WIFE VALID—COMMON
LAW—LAWS ARIZ. 1885, ACT NO. 68, CONSTRUED—COMP. LAWS
ARIZ. 1877, PAR. 1960 ET SEQ., CITED.—Act No. 68, *supra,* adopting
the common law so far as not inconsistent with the laws of the
territory, etc., does not adopt the rule of common law as it pre-
vailed when the wife was the mere chattel of the husband, that a
deed between husband and wife was void, as that rule is incon-
sistent with paragraph 1960 et seq., *supra,* conferring enlarged
and separate rights upon married women.

3. HOMESTEAD—FRAUDULENT CONVEYANCES—CONVEYANCE OF HOME-
STEAD CANNOT BE ATTACKED AS FRAUDULENT—COMP. LAWS ARIZ.
1877, PAR. 2140, CITED.—The conveyance of a homestead, it being
free from any claims of creditors, cannot be questioned by them
as fraudulent. Paragraph 2140, *supra,* cited.

AFFIRMED 181 U. S. 567, 45 L. Ed. 1005.

APPEAL from a judgment of the District Court of the
Third Judicial District in and for the County of Maricopa.
Webster Street, Judge. Affirmed.

The facts are stated in the opinion.

Hamilton & Armstrong, for Appellant.

C. F. Ainsworth, for Appellees.

"Property exempt from execution is not subject to any
claim of the creditor, but is absolutely free from all claims
of creditors. No execution or other writ is a lien upon it.
The creditor has no claim upon it in any form, and it is
impossible to conceive any logical ground upon which prop-
erty not subject to the claims of creditors can be held to have
been fraudulently conveyed." *Blair* v. *Smith,* 114 Ind. 114,
5 Am. St. Rep. 593, 15 N. E. 817; *Riggs* v. *Sterling,* 60 Mich.
643, 1 Am. St. Rep. 554, 27 N. W. 705; *Hickson* v. *George,*
18 Kan. 253; *Monroe* v. *May,* 9 Kan. 476; *Dreutzer* v. *Bell,*
11 Wis. 114; *Pike* v. *Miles,* 23 Wis. 164, 99 Am. Dec. 148, and
note; *Cipperly* v. *Rhodes,* 53 Ill. 346; *Taylor* v. *Deusterberg,*
109 Ind. 165, 9 N. E. 907.

"A conveyance of a homestead cannot be in fraud of credi-
tors." *Patnode* v. *Darvau,* 112 Mich. 127, 71 N. W. 1095.
See, also, *Bank of Commerce* v. *Fowler,* 93 Wis. 241, 67 N. W.
423; *Pike* v. *Miles,* 23 Wis. 164, 99 Am. Dec. 148, and note;
*Hibben* v. *Soyer,* 33 Wis. 319; *Thompson* v. *Crane,* 73 Fed.
327; *Mundt* v. *Hagedorn,* 49 Neb. 409, 68 N. W. 610; *Mun-*

*son* v. *Carter,* 40 Neb. 417, 58 N. W. 931; *Merchants' Nat.
Bank of Kansas City* v. *Kopplin,* 1 Kan. App. 599, 42 Pac.
263.

Exempt property may be transferred by the owner, even
as a gift to his wife, free from any claims of his creditors.
*Bailey* v. *Littell,* 34 Nev. 294, 53 Pac. 308; *Waugh* v. *Bridge-
ford,* 69 Iowa, 334, 28 N. W. 626; *Robb* v. *Brewer,* 60 Iowa,
539, 15 N. W. 420.

A conveyance by the husband to the wife of the homestead
is valid though the wife does not join in the deed, notwith-
standing that the statutes provide that all deeds must be
executed by both husband and wife. *Burkett* v. *Burkett,* 78
Cal. 310, 12 Am. St. Rep. 58, 20 Pac. 715; *Stevens* v. *Castel,*
63 Mich. 111, 29 N. W. 828; *Lynch* v. *Doran,* 95 Mich. 395,
54 N. W. 882; *Harsh* v. *Griffin,* 72 Iowa, 608, 34 N. W. 441;
*Riehl* v. *Bingenheiner,* 28 Wis. 84.

DAVIS, J.—This was an action by the appellant to re-
cover the possession of five certain lots in the city of Phœnix,
and for the value of the rents and profits thereof. The com-
plaint is in the usual form in ejectment cases. The defend-
ants William A. Hancock and Lilly B. Hancock, husband and
wife, answered, pleading "Not guilty," and setting up the
statute of limitations in bar of plaintiff's right to recovery.
Similar defenses were interposed by the defendant Thomas
W. Pemberton, who, by way of cross-complaint, also pleaded
his ownership and possession of said premises, and asked for
affirmative relief as against the adverse claims of the plain-
tiff. Upon the trial in the court below, the plaintiff was
adjudged to have no right, title, or interest in said property,
and the defendant Pemberton was adjudged to be the owner
and entitled to the possession thereof. From this judgment
of the district court the plaintiff prosecutes an appeal.

The record shows the material facts in the case to be sub-
stantially as follows: On February 27, 1886, the legal title
to the premises in controversy was vested in William A. Han-
cock, the common source from which both the plaintiff and
the defendant Pemberton deraign title. The said premises
were inclosed as one tract, with a dwelling-house situated
upon lots 14 and 15, and had been occupied by the defendants
William A. Hancock and Lilly B. Hancock as a homestead

ever since 1873. On the said twenty-seventh day of Febru-
ary, 1886, and while the said premises were so occupied and
claimed as a homestead, the said William A. Hancock, for the
consideration of love and affection, deeded the same by a direct
conveyance to his said wife, Lilly B. Hancock. The value of
the said property so conveyed did not at that time exceed the
sum of four thousand dollars. On March 5, 1892, certain
creditors (Herrick & Luhrs) obtained a judgment in the dis-
trict court of Maricopa County against the said William A.
Hancock for the sum of $2,524.02, upon an indebtedness con-
tracted by him November 1, 1883. An execution was issued
upon said judgment April 5, 1892, and the same was levied
upon the premises here in controversy, as the property of
William A. Hancock. No proceeding was had to set aside
the anterior conveyance to his wife, but the said real estate
was formally sold under said execution to the plaintiff,
George H. N. Luhrs, to whom a sheriff's deed was made on
February 4, 1893, conveying the title which is the basis of his
ejectment suit. On March 21, 1892, the said Lilly B. Han-
cock and William A. Hancock had borrowed from one Robert
Allstatter the sum of twenty-six hundred dollars, and on the
same day, to secure the payment thereof, had executed to
the said Allstatter a mortgage upon all of the aforesaid prem-
ises. This mortgage, presumably executed in good faith, was
subsequently foreclosed, and the defendant Thomas W. Pem-
berton became the purchaser at the foreclosure sale. He re-
ceived the sheriff's deed for the said premises on February
14, 1895, took possession thereof from the Hancocks, and has
since paid the taxes and made valuable improvements upon
the property. The plaintiff, Luhrs, was never in the pos-
session of the premises.

Several propositions of error are assigned, but, as we view
it, the case turns wholly upon the question of the validity
and effect of the deed of William A. Hancock to Lilly B.
Hancock, executed February 27, 1886. If by that convey-
ance there was effected a transfer of the legal title to this
real estate, then the appellant, claiming solely under an exe-
cution sale upon a judgment against William A. Hancock,
must fail. Hence it is essential to a reversal that the appel-
lant establish the invalidity of this conveyance. He attempts
to do so, and upon three different grounds.

It is first insisted that the deed from Hancock to his wife was ineffectual to pass title to the homestead, because it was not signed and acknowledged by the wife, and therefore not in complience with the statute in force at the time (Comp. Laws, par. 2141), which prescribed that "no mortgage, sale or alienation of any kind whatever of such land [homestead] by the owner thereof, if a married man, shall be valid without the signature of the wife to the same, acknowledged by her separately and apart from her husband." The policy of statutes which restrain the alienation of the homestead without the wife joining in the deed is to protect the wife, and to enable her to protect the family, in the possession and enjoyment of a homestead, after one has been acquired by the husband. They are not intended to interpose obstacles in the way of a conveyance of the homestead to the wife, or to the wife and children, with the consent and approval of the wife, whatever may be the form of such conveyance. Thompson on Homesteads and Executions, sec. 473. Under statutes similar to this of Arizona, it has been held that a conveyance of the homestead to the wife by the husband is not within the meaning of the statute, and is valid, although the wife does not join. *Lynch* v. *Doran,* 95 Mich. 395, 54 N. W. 882; *Harsh* v. *Griffin,* 72 Iowa, 608, 34 N. W. 441; *Burkett* v. *Burkett,* 78 Cal. 310, 12 Am. St. Rep. 58, 20 Pac. 715; *Furrow* v. *Athey,* 21 Neb. 671, 59 Am. Rep. 867, 33 N. W. 208; *Albright* v. *Albright,* 70 Wis. 528, 36 N. W. 254. We adopt this construction as the true meaning and spirit of the law, in preference to the more rigid and literal interpretation adhered to in the Illinois cases cited by counsel for the appellant. It would be a foolish and senseless act for the wife to join in a conveyance to herself, and we cannot think the statute contemplates any such absurd requirement. The deed to Mrs. Hancock from her husband was clearly not in derogation of her homestead rights, nor could it impair or affect the homestead, since the joint act of both would still be required for its alienation or encumbrance to a third person. Comp. Laws, par. 1972.

Again, it is urged that by act No. 68, Sessions Laws 1885, the common law was in force in this territory when the conveyance was made, and that at common law a deed between husband and wife was void. The enactment relied upon to

support this proposition is as follows: "The common law of England so far as it is consistent with and adapted to the natural and physical conditions of this territory and the necessities of the people thereof, and not repugnant to, or inconsistent with, the constitution of the United States, or bill of rights, or laws of this territory, or established customs of the people of this territory, is hereby adopted and shall be the rule of decision in all the courts of the territory." It is here plainly apparent that the legislative will was not to adopt the common law as it prevailed when the wife was the mere chattel of the husband. The old common-law rule, based upon the unity of the husband and wife, which restricted transactions between them, has been practically abrogated in this country by statutes conferring enlarged and separate rights upon married women, and is inconsistent with the legislation of this territory upon the subject as it existed when this conveyance was made. Comp. Laws, par. 1960 et seq. In the case of *Jones* v. *Clifton,* 101 U. S. 225, Mr. Justice Field, delivering the opinion of the court, said: "The technical reasons of the common law, arising from the unity of husband and wife, which would prevent a direct conveyance of the property from him to her for a valuable consideration, as upon a contract or purchase, have long since ceased to operate in the case of a voluntary transfer of property as a settlement upon her. The intervention of trustees, in order that the property conveyed may be held as her separate estate beyond the control or interference of her husband, though formerly held to be indispensable, is no longer required." The fact that the deed in this case was made by Hancock directly to his wife is not sufficient, in our judgment, to warrant us in holding the instrument to be invalid.

But it is finally asserted that the conveyance was in fraud of the rights of appellant as a creditor of William A. Hancock, and therefore void for this reason. The property was at the time the homsetead of the Hancocks. Such was the finding of the trial court, based upon ample evidence. The character of the homestead exemption, as defined by the statute then in force, was as follows: "The homestead, consisting of a quantity of land, together with the dwelling-house thereon and its appurtenances and the water-rights and privileges pertaining thereto, sufficient to irrigate the land, not

exceeding in value the sum of five thousand dollars, to be selected by the owner thereof, shall not be subject to forced sale or execution, or any other final process from a court, for any debt or liability contracted or incurred after thirty days from the passage of this act, or if contracted or incurred at any time in any other place than in this territory." Comp. Laws, par. 2140. As will be seen, this law effectually excluded the homestead from all remedies of creditors in all courts. No execution or other writ could be made a lien against it, nor could the creditor have a claim upon it in any form. Under such circumstances, could the homestead be the subject of a fraudulent conveyance? The whole doctrine of annulling fraudulent conveyances rests upon the ground that the creditor has a right to resort to the property, and where he has no such right it is impossible that a conveyance can be deemed fraudulent. Surely a creditor cannot, in legal contemplation, be defrauded through a conveyance made by his debtor of property which the creditor has no right by law to appropriate, or even touch, by any civil process. Bump, in his work on Fraudulent Conveyances, says: "Property which is exempt by a positive statute from liability for the owner's debts is not susceptible of a fraudulent alienation. The creditors cannot be said to be creditors as to that particular property, so as to make a transfer of it a matter of concern to them." The same principle is stated by Mr. Justice Paine in *Pike* v. *Miles,* 23 Wis. 164, 19 Am. Dec. 148, and note, when, in considering the effect of a conveyance by the husband to his wife of the homestead, he says that such a "conveyance cannot be held fraudulent as to creditors, for the reason that, being exempt, it was no more beyond their reach after the conveyance than before." In *Wilson* v. *Taylor,* 49 Kan. 774, 31 Pac. 697, it was declared that "a conveyance of a homestead or other exempt property, even though made with intent to defraud creditors, vests the title thereof in the grantee, and does not become subject to the lien of a judgment previously obtained by a creditor of the grantor." In fact, the principle that a homestead cannot be made the subject of a fraudulent conveyance is well sustained by the authorities. *Derby* v. *Weyrich,* 8 Neb. 174, 30 Am. Rep. 827; *Carhart* v. *Harshaw,* 45 Wis. 340, 30 Am. Rep. 752; *Blair* v. *Smith,* 114 Ind. 114, 5 Am. St. Rep. 593, 15

N. E. 817; *Buckley* v. *Wheeler*, 52 Mich. 1, 17 N. W. 216; *Union Pac. Ry. Co.* v. *Smersh*, 22 Neb. 751, 3 Am. St. Rep. 290; 36 N. W. 139; *Hixon* v. *George*, 18 Kan. 253; *Roser* v. *Bank*, 56 Kan. 129, 42 Pac. 341; *Thomson* v. *Crane*, 73 Fed. 327; *Cipperly* v. *Rhodes*, 53 Ill. 346.    Moreover, the record shows that no proceeding was every brought to set aside as fraudulent the conveyance from Hancock to his wife, and no execution was levied under the judgment against him until after the lien of the Allstatter mortgage had attached, through which the defendant Pemberton derived title.

We conclude, therefore, that the deed from the husband vested in Lilly B. Hancock the title to the premises in controversy in this case, and that no interest passed to the appellant by virtue of the attempted execution and sale of said premises as the property of William A. Hancock.    Our conclusion upon this point is decisive against the appellant, and renders it unnecessary to notice the other questions sought to be raised.    The judgment of the district court is affirmed.

Sloan, J., and Doan, J., concur.

Street, C. J., did not sit in the hearing of this case.