PARK *v.* PARK.

Opinion delivered March 7, 1903.

1. HOMESTEAD—ABSOLUTE CONVEYANCE.—Sand. & H. Dig., § 3713, providing that "no conveyance, mortgage or other instrument affecting the homestead of any married man shall be of any validity, except for taxes, laborers' and mechanics' liens and the purchase money, unless his wife joins in the execution of such instrument and acknowledges the same," prohibits the husband from making an absolute conveyance, as well as a mortgage, of

the homestead, unless the wife joins in the execution of such instrument.	(Page 285.)

2.	SAME—RESERVATION OF LIFE ESTATE IN DEED.—An absolute conveyance by a husband of his homestead, without the wife joining in the execution, is void, under Sand. & H. Dig., § 3713, although the deed reserves to the grantor the right of possession and of the rents and profits during his life. (Page 285.)

Appeal from Johnson Circuit Court.

JAMES N. TILLMAN, Judge.

Affirmed.

### STATEMENT BY THE COURT.

George Park was the owner of a tract of land in Johnson county containing 60 acres, upon which he resided with his wife, and which was his homestead. On the 9th day of October, 1897, he executed and delivered a deed conveying this land to his son Leonard Park.

The deed recites a consideration of $150, and is in the usual form except a provision therein as follows, to-wit: "The said party of the first part reserves the right of possession and all rents and income of said land for and during his lifetime, together with all and singular the appurtenances to the said premises belonging."

The wife of George Park did not join in the execution of this deed, nor acknowledge the same in any way. The wife of George Park died in February, 1900, and he died in July of same year. He remained in possession of the homestead until his death, after which Leonard Park, his grantee, took possession. Afterwards the other children and heirs of George Park brought this action to recover their interest in the land. The defendant for answer set up the deed. On the trial the court held that the deed was void, and gave judgment in favor of plaintiffs. Defendant appealed.

*J. E. Cravens,* for appellant.

The homestead is not subject to execution. Const. Ark. art. 9, § 3; Sand. & H. Dig. § 3710. Section 3713 of Sand. & H. Dig. restricts the right of the husband's alienation alone. 57 Ark. 242; 60 Wis. 377. The homestead belonged to George Park. 58 Ark. 117. A devise of a homestead by will is a conveyance. 4 Am. & Eng. Enc. 133. The widow's homestead attaches to the land occu-

pied by the husband as such. 53 Ark. 400. The widow and heirs can hold without occupancy. 33 Ark. 399; 77 N. C. 385.

*J. H. Basham,* for appellees.

RIDDICK, J., (after stating the facts). This is an action of ejectment, and the only question presented is whether the deed of George Park conveying to the defendant the land in controversy was a valid deed. Plaintiff claims that the deed was void by reason of a section of an act of 1897, which is as follows, to-wit: "That no conveyance, mortgage or other instrument affecting the homestead of any married man shall be of any validity except for taxes, laborers' and mechanics' liens, and the purchase money, unless his wife joins in the execution of such instrument and acknowledges the same." Sand. & H. Dig. § 3713.

Defendant's first contention is that the purpose of this statute was to prevent the husband from mortgaging or otherwise encumbering the homestead with specific liens without the consent of the wife, and that it does not prevent him from making an absolute sale and conveyance of it by his sole deed. Counsel for defendant admits that this construction of the statute is in conflict with the decision of this court in the case of *Pipkin* v. *Williams,* 57 Ark. 242, and it seems to us that it is also in conflict with the statute. We must judge the intention of the legislature by the language used, and the words "no conveyance, mortgage or other instrument," found in the statute, it seems to us cover absolute deeds as well as mortgages. We are therefore compelled to overrule the contention of appellant on this point.

The next contention of the defendant is that, as the deed reserved the right of possession and of the rents and profits to the grantor during his life, it did not affect his homestead, and for that reason it does not come within the scope of the statute, and is not affected by it. Now, as we have before stated, the evident purpose of this statute was to protect the interests of the wife in the homestead by forbidding the husband either to sell or encumber it without her joining in the deed; but the construction which counsel for defendant seeks to put upon the statute by his argument on this point would permit the husband to convey the homestead subject to a life estate in himself, which, in the event that he died first, might deprive the wife of the homestead against her will. It is clear, we think, that the husband cannot make any conveyance of his homestead affecting the interest of his wife

therein without her consent, for purposes other than those named in the statute.

Counsel for the defendant has referred us to the case of *Ferguson* v. *Mason,* 60 Wis. 377, as supporting his contention. In that case the court, under a statute similar to ours, held that the deed of the husband conveying the land upon which the homestead was situated was valid, even though the wife did not join in it, where there was an express reservation of the homestead rights of both the husband and wife; the deed in that case by its terms conveying only the reversion after the homestead rights of both husband and wife had terminated by death. We need not undertake to decide what the effect of such a deed would be under our statute, for that case is very different from the one we have here. The homestead interests of the wife were reserved by that deed, but the deed in this case did not reserve them. We think, therefore, that this deed came within the statute, and, as the wife did not join in its execution, we are of the opinion that the circuit judge correctly ruled that it was void. *Pipkin* v. *Williams,* 57 Ark. 242.

Judgment affirmed.