[Civil No. 2069.  Filed April 17, 1924.]

[225 Pac. 71.]

GEORGE SCHOFIELD, Appellant, v. MARTIN GOLD, DOLORES GOLD, ROSA GOLD and HELEN GOLD KELEEN, Appellees.

HUSBAND AND WIFE — WIFE CAN CONVEY COMMUNITY PROPERTY TO HUSBAND.—A married woman can convey her interest in the community property to her husband, since a deed from wife to husband satisfies the requirements of Civ. Code 1913, paragraph 3850, requiring husband and wife to join in any deed of community real property, and paragraph 3852, emancipating a married woman of twenty-one years of age, giving her the status of a man of the same age, and forbidding her to make contracts binding the common property, relates only to contracts in which she is not joined by her husband.

ON REHEARING.

(For former opinion, see 25 Ariz. 213, 215 Pac. 169.)

APPEAL from a judgment of the Superior Court of the County of Maricopa. Joseph S. Jenckes, Judge. Affirmed.

Messrs. Alexander & Christy and Mr. Hess Seaman, for Appellant.

1. Effect of conveyance of homestead and community property from husband to wife, note, 69 L. R. A. 378. See, also, 5 R. C. L. 856.

See 31 C. J., 100.

Messrs. Jennings & Strouse and Mr. Thomas W. Nealon, for Appellees.

Messrs. Armstrong, Lewis & Kramer, Mr. James R. Moore, Messrs. Baker & Whitney, Mr. G. P. Bullard, Mr. Richard E. Sloan, Mr. C. F. Ainsworth, Mr. E. E. Ellinwood, Mr. Maurice Blumenthal, Messrs. Kibbey, Bennett, Gust & Smith, Messrs. Kingan, Campbell & Conner, and Mr. Ben C. Hill, and Messrs. Morrison & Morrison, Mr. Ziba O. Brown, Mr. R. B. Westervelt, Messrs. Norris & Norris, Messrs. Anderson, Gale & Nilsson, Mr. Edw. S. Lyman, Mr. John A. Ellis, Mr. J. E. Russell, and Mr. Howard Cornick, *Amici Curiae.*

LYMAN, J.—Since deciding this case (25 Ariz. 213, 215 Pac. 169), rehearing was allowed and had with exhaustive briefs and argument upon the right of the wife to convey by deed of gift directly to her husband her interest in their community real estate. The conclusion now arrived at requires a restatement of the law upon the subject.

The original opinion seems to have been stated so broadly as to imply a lack of authority in the husband to convey community real estate directly to the wife, a conclusion not contemplated nor intended, and so stated by Judge ROSS in the course of the argument upon this rehearing. The deed in question was not made in contemplation of any termination of the marital relation. The property affected was not unpatented mining claims.

Not only the property rights of husband and wife, but the whole system of domestic relations upon which such property rights depend, are the subject of statutory regulation in this state, widely if not fundamentally different from either the common law or the parent law of our community property system.

Legislation has superseded them both, and governs in their stead.

Unlimited freedom of contract is allowed to both husband and wife in dealing with their separate property. Either one acting alone may convey that; so that apparently either may contract with the other, or with strangers, with reference to such property. It must therefore be concluded that, so far as the mere power to contract is concerned, there is no policy of the law forbidding the husband and wife to contract with each other; nor is there any distinction or discrimination in the powers possessed by each with reference thereto.

The husband alone may dispose of the community personal property. Over that the wife has no control. Revised Statutes (Civ. Code 1913) par. 3850. The husband may also contract "community debts" for which the community property shall be liable. Revised Statutes, par. 3854. The term "community debts" seems to imply a restriction upon the husband's power to bind the community property by his obligations. Within these limitations, and subject to the restrictions stated in these provisions, the husband is not inaptly described as the "agent," appointed by statute, for the management of the community estate. That this "agency" is not without limitation is apparent.

The contractual power of the wife over the community estate is thus stated:

"Married women shall have the same legal rights as men of the age of twenty-one years and upwards, . . . and shall be subject to the same legal liabilities as men of the age of twenty-one years and upwards." Revised Statutes, par. 3852.

From this grant of authority there is, however, reserved one exception: "The right to make contracts binding the common, property of the husband and wife." Such contracts she is forbidden to make.

This exception is in accord with the other sections of the statute just referred to, investing the husband with the power of disposition of personal property, and to incur "community debts." Manifestly these powers are contractual rights not vested in the wife.

Subject to the one exception stated, the wife's freedom of contract is so complete that it is not compared with that of one bound by marital ties, but with that of a man of competent age without such ties. With the one exception, it invests her with all the rights, and burdens her with all the responsibilities, which are incident to that status. Her contracts not in contravention of the exception are to be given the same force and effect as the contracts of an unmarried man, including the right to contract with whomsoever she will, the husband included.

The power to dispose of community real estate by direct contract is not vested in either husband or wife alone, and may be effected only by the joint contract of the two, Provision for such contracts is made in the following terms:

"Husband and wife must join in all deeds and mortgages affecting real estate." Paragraph 3850, Revised Statutes of Arizona.

Unpatented mining claims and separate property are excepted from operation of this provision. It is obvious from this that the exception to the wife's right to make contracts binding community property does not apply to any contract conveying real estate in which she is joined by her husband. Such a contract is not only not excepted from her powers, but is expressly and explicitly included in them, and in such terms as to leave no doubt as to the quality of the power and function performed by husband and wife in executing that duty. Neither one alone may convey community real estate to a third person. Together they may convey it to whomsoever they will. But does it authorize either one to convey to the

other? A similar statute has been held to give the husband power to convey directly to the wife.

In *Luhrs* v. *Hancock,* 6 Ariz. 340, 57 Pac. 605, this court had under consideration a deed from the husband directly to the wife, conveying a homestead, which the statutes of that day provided could only be conveyed by deed signed by both husband and wife, just as community real estate must now be conveyed. Par. 3850. The court in that case cited the statute, which is as follows:

"No mortgage, sale or alienation of any kind whatever of such land (homestead) by the owner thereof, if a married man, shall be valid without the signature of the wife, to the same, acknowledged by her separately and apart from her husband." Compiled Laws of 1877, par. 2141.

Upon the necessity of both joining in the deed, as directed by this statute, the opinion has this to say:

"It would be a foolish and senseless act for the wife to join in a conveyance to herself, and we cannot think the statute contemplates any such absurd requirement."

There is no distinguishable difference in the provisions of paragraph 2141, Comp. Laws of 1877, above cited, and paragraph 3850, Revised Statutes 1913, in their effect upon the right of alienation of the property severally affected.

It has been repeatedly assumed, in more recent decisions of this court, that under our present statute (Revised Statutes, par. 3850) the husband may convey community real estate directly to the wife. *First Nat. Bank* v. *McDonough,* 19 Ariz. 223, 168 Pac. 635; *Germania Fire Ins. Co.* v. *Bally,* 19 Ariz. 580, 1 A. L. R. 488, 173 Pac. 1052. Such has been the unquestioned law of this state for many years.

Whatever power of alienation is given to either husband or wife of community real estate is now found in paragraph 3850, above cited.

It seems to be, however, assumed that the husband is invested with some sort of a so-called agency in the management of the community estate. The statute nowhere describes the husband's relation to the community as an agency. That is a term applied by text-writers and courts in an effort to generalize upon the husband's rights in the premises. If any such agency exists, it must, of course, rest upon some statute, and be understood and defined by the terms of that statute. The scope of such agency can be no broader than the power conveyed by the statute upon which it rests. Such exclusive authority as the husband has in the management of the community estate consists in the sale of personal property, and incurring community debts which are a charge upon community property. This court long ago indicated what it understood to be the meaning of those statutes.

In *La Tourette* v. *La Tourette,* 15 Ariz. 200, Ann. Cas. 1915B, 70, 137 Pac. 426, the court went at some length into an analysis of the several powers of the husband and wife over the community. Among other things it said:

"So it has clothed the husband with this agency, deeming him the best qualified for the purpose, but limiting such agency to the personalty and during the period of coverture."

The assumption that the husband's power over the community personal property in some way extends to and amplifies his power to convey real estate is wholly untenable, and finds no support either in statute or in judicial construction of the statute. Manifestly the power of the husband to convey real estate does not rest upon those provisions of the statute which merely provide for the disposition of personal property and for incurring community debts. Authority for deeds to real estate must rest upon some more secure foundation than a vague and fanciful agency.

Paragraph 3850 provides for the transfer of community real estate, specifying how and by whom that may be done. The wife is one of the necessary grantors. Whatever she is empowered to do by this paragraph she may lawfully do, even though in conflict with the reservation made from such rights as are conferred upon her by paragraph 3852, in which she is forbidden to bind community property by her contract, since a specific grant of power is not affected by a general disability.

In such conveyance both husband and wife act together, each for himself and herself. There is no suggestion or ground for inference that either one performs a different function from the other, or that one in any sense acts as the agent for the other. The conveyance is the joint act of the two. The authority of each is measured by the same language. The assumption is gratuitous that they act upon a varied and different authority. Each holds the same interest in the estate conveyed. *La Tourette* v. *La Tourette,* 15 Ariz. 200, Ann. Cas. 1915B, 70, 137 Pac. 428. Since it has been held that a deed from the husband to the wife complies with the requirement that both join in the conveyance, by what process of reasoning can it be held that a deed from the wife to the husband fails to satisfy the same statute? It must therefore follow as a necessary conclusion from these premises, and from the interpretation already given by this court, that the deed of the wife to the husband is not void because of her lack of competency to make such a contract.

But there appears to be no conflict between the limitation fixed upon the wife's power of contract in paragraph 3852 and this grant of power in paragraph 3850. It probably will not be disputed that contracts binding the community property, which the wife is forbidden to make, relate only to contracts in which she is not joined by her husband. It applies only to

her sole contract, made with some other person than her husband.

A deed from the wife to the husband is not her sole contract, nor a contract with a stranger to the community, but the contract of both husband and wife, through the medium of a deed, which has its inception in her proposal to convey, and in the husband's acceptance of such proposal, consummated by the delivery by the wife and acceptance by the husband of the deed, and the subsequent exercise of dominion by the grantee over the thing conveyed, constituting what in legal effect is a valid contract, not the contract of one, a legal impossibility, but the contract of both parties to the deed.   Elliott on Contracts, par. 56; *Tabor* v. *Tabor,* 136 Mich. 225, 99 N. W. 4; *Park* v. *Park,* 71 Ark. 283, 72 S. W. 993; *Lynch* v. *Doran,* 95 Mich. 395, 54 N. W. 882; *Stevens* v. *Castel,* 63 Mich. 111, 29 N. W. 828; *Polk* v. *Stephens,* 126 Ark. 159, 189 S. W. 837; *Kindley* v. *Spraker,* 72 Ark. 228, 105 Am. St. Rep. 32, 79 S. W. 766.

If the wife is competent to convey any interest whatever in the community real estate to her husband, what then is the extent and character of the estate conveyed?  This court has held in the case of *Main* v. *Main,* 7 Ariz. 149, 60 Pac. 888, that a deed of gift by the husband to the wife of community property invests the wife with the entire estate as her separate property, for the reason there stated that some effect must be given to the deed, and that the only possible effect of such conveyance is to change the character of the property conveyed from community property to the separate property of the wife.

It is objected, however, that the deed of the wife can at most convey to the husband only a half interest in the community estate, so that the husband continues to hold the other half as community property. This proposition states a legal impossibility.  Aside from the inevitable conclusion that like consequences

must flow from like causes, whether legal or physical, and that the exercise of like powers of conveyance upon like interests must convey like estates, there is still another reason equally irresistible why the estate conveyed by the wife to the husband is like the estate conveyed by the husband to the wife. The deed of one spouse to the other of the grantor's entire interest in the community estate conveyed necessarily destroys the community character of such property, so that there is no half or any other portion of community property still remaining in any one. Community property is such property as both spouses are invested with an equal interest in. It is such by its very definition. When it loses that character, it loses its status as community property. When that equality of interest is disturbed, the community character of the property is destroyed. If the husband still held a one-half interest as community property in the property covered by the wife's deed, then by its very definition the wife still holds a half interest in such half, although she has conveyed all, a manifest absurdity. The grantee in such a conveyance takes either nothing or becomes the beneficiary of the entire estate.

Many cases have been cited from the courts of other states where the statutes under consideration were different from our own. Such cases are enlightening, and are a necessary part of the learning upon the more or less vexing questions which arise in dealing with community property; but they are not guides to be arbitrarily followed. They do not speak the language of our statutes.

The decisions of this court, which have long been the law of this state, leave no new principle to be established in this case. It is only required that the principles already enunciated be applied to the facts before us. It is not contrary to any policy of our law to permit the husband and wife to contract directly

with each other. That right has long been recognized. It violates no policy of the law that the contract between the husband and wife provides for the dissolution of the community's interest in all property, and the transmutation of such property into the separate property of one. The deed from husband to wife may do all that. It has been held that it does no violence to the statute providing that both husband and wife join in the conveyance of real estate to permit the husband to convey over his signature alone the community property to the wife. These principles have found their lodgment in the laws of this state, too permanently and well established to be ignored and set aside, either directly or indirectly.

Before the court may set aside a contract and hold it for naught, it must put its finger upon some law which clearly declares it to be invalid. In this case no such authority is found.

The judgment will be affirmed.

ROSS, J., concurs.

McALISTER, C. J. (Specially Concurring).—I concur in the holding of Judge LYMAN, but inasmuch as I do so mainly upon one ground it would perhaps be well to state it.

This court, as pointed out by him, has said in several opinions that a deed from the husband to the wife conveying his interest in the community real estate is valid, and, since it was the purpose of the legislature in the enactment of the community property law as it now stands to place the husband and wife upon an absolute equality so far as the alienation and encumbrance of community real estate is concerned, it follows logically and necessarily that she may convey her interest in such property to him, for, even though he is empowered to dispose of the common personalty during coverture and to contract

26 Ariz.—20

community debts for which the community property may be liable, he is given no greater right, no fuller power to deed or mortgage community real estate, than she.   To hold that he can convey to her, but that she cannot convey to him, finds no support in a statute intended to place them upon an equal footing in this respect.

The decisions of this court having sanctioned such conveyances, and the people and bar of the state having relied upon these holdings, notwithstanding they were made in cases in which the validity of such deeds was not discussed but rather accepted and recognized as a fact, it should not now be held that the court was wrong in pronouncing them valid when to do so would undoubtedly result in disturbing many titles, and thus cause injustice to a number of people, a condition that should never be permitted unless the law is such as to leave the court no alternative:

A consideration, however, of paragraph 3850, requiring the husband and wife to join in all deeds affecting the community real estate, and of paragraph 2061, providing that no conveyance, transfer, mortgage or encumbrance of community real estate or any interest therein shall be valid unless executed and acknowledged by both husband and wife, would, as I see it, lead to the conclusion reached in our former opinion if the question before us were being presented at a time when the court's hands were not practically tied by its previous holdings constituting virtually "a rule of property."

If the legislature is of the opinion that to permit the husband or wife to convey to the other his or her interest in the community real estate is not a wise policy, or that this opinion or those which it follows depart from the meaning intended by the statute, a modification of the law to conform to its view is a matter, so far as the future is concerned, entirely within its hands.

The judgment of the lower court is correct, and I therefore concur in the conclusion reached in the well-stated opinion of Judge LYMAN.