# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-2590

_____

| | | |
|---|---|---|
| Wayne Richardson, III, | * | |
| | * | |
| Appellee, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the Western |
| Robert H. Klaesson and Donna S. | * | District of Arkansas. |
| Klaesson, Individually and as Trustees | * | |
| of the Klaesson Family Trust, | * | |
| | * | |
| Appellants. | * | |

_____

Submitted:  February 16, 2000

Filed:  April 13, 2000

_____

Before BOWMAN, HANSEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

MORRIS SHEPPARD ARNOLD, Circuit Judge.

Almost three and a half years ago, Wayne Richardson, III, obtained a judgment in the United States District Court for the District of Hawaii for upward of $500,000 against Robert Klaesson, Donna Klaesson, and the Klaesson Family Trust on a claim for fraud in the sale of a business. When Mr. Richardson registered his judgment in the United States District Court for the Western District of Arkansas, *see* 28 U.S.C. § 1963, and attempted to satisfy it from certain real property that the trust owned in Arkansas, the Klaessons and the trust resisted on the ground that the property was a

homestead and therefore exempt from execution. The district court rejected the homestead claim and ordered that execution be levied against the relevant property.

This appeal ensued and we affirm the order of the district court.[1]

## I.

Under Arkansas law, with some exceptions not relevant here, "[t]he homestead of any resident ... who is married or the head of a family [is] not ... subject to the lien of any judgment." Ark. Const. art. 9, § 3. The Klaessons occupy the real property in which they claim a homestead exemption as a residence, but the fee-simple title to it is held in trust by the trustees of the Klaesson Family Trust. The Klaessons are among the trustees of the trust, but they are not beneficiaries of it, and, although they were its settlors, they did not retain any reversionary interest in the corpus, not even a power to revoke. They occupy the property merely because they have a contract with the trust which "requires" them to "live on the premises," subject to having to vacate on fifteen days' notice. This revocable right of occupancy is the only interest in the property that they enjoy. The district court held that the Arkansas Constitution provided the Klaessons with no defense to execution because they did not hold record title to the realty and had no beneficial interest in it.

The Klaessons provide us with numerous cases that hold that equitable owners may claim homestead rights, and we entertain no doubt that, under Arkansas law, a person in possession as the beneficiary of a trust could claim the protection of the homestead exemption, assuming, of course, that he or she was married or the head of a family. *See*, *e.g.*, *Childs v. Lambert*, 230 Ark. 366, 323 S.W.2d 564, 566 (1959), and *Watson v. Poindexter*, 176 Ark. 1065, 5 S.W.2d 299, 301 (1928). But here the Klaessons are not beneficiaries of the trust. Their right to occupy is merely contractual

---

[1]The Honorable Jimm Larry Hendren, Chief United States District Judge for the Western District of Arkansas.

and subject to revocation, which makes them at most tenants at will of the relevant property. Indeed, their right to occupy may be only a license. *See* 1 A. James Casner, ed., *American Law of Property* § 3.8, at 195 n.10 (1952).

It may well be true, as the Klaessons suggest, that even a mere naked possession could give rise to a homestead exemption. *See, e.g., Mercer v. McKeel*, 188 Okla. 280, 108 P.2d 138, 141 (1940), and *Panagopulos v. Manning*, 93 Utah 198, 69 P.2d 614, 619 (1937); *but see* 1 A. James Casner, ed., *American Law of Property* § 5.81, at 822 (1952). Although we cannot locate a case precisely on point, since the Arkansas Supreme Court has emphasized that homestead laws should be liberally construed, *see, e.g., City National Bank v. Johnson*, 192 Ark. 945, 96 S.W.2d 482, 484 (1936), we believe and hold that a person who occupies premises with the permission of the owner has a sufficient interest in the realty to support a claim for a homestead exemption under Arkansas law.

It is important to realize, however, that such a homestead exemption would be good only to the extent of the interest owned. The Klaessons' interest as tenants at will or licensees can, under the terms of the contract with the trust, be terminated on fifteen days' notice. While they thus have a homestead right as tenants or licensees, it is subject to termination by the owner of the fee simple. And it is the fee interest that Mr. Richardson wants to execute on here, not, of course, the Klaessons' very limited and ephemeral right of occupation, however characterized.

This brings us to a consideration of the fact that the judgment that Mr. Richardson seeks to enforce extends its lien not only to land owned by the Klaessons themselves but also to land owned by the trust, because the judgment was rendered jointly and severally against the Klaessons personally and as trustees. We are not exactly sure why the trust was made a party to the Hawaii action or why it was held liable for the fraud. The usual rule, absent a statute, is that a trust is not liable for the torts of its trustees, even torts committed in the course of the trust's administration. The

trust estate, in other words, unlike a decedent's estate, was not a juridical entity at common law, and the trustee, *qua* trustee, was not a juristic person. *See* 3A A. W. Scott and W. F. Fratcher, *The Law of Trusts* § 261, at 416-17, and § 271A.4, at 508-09 (4th ed. 1988); *see also* George T. Bogert, *Trusts* § 129, at 462-63 (6th ed. 1987). In any case, the Klaessons and the trust admit, as they must, that the judgment binds the trust itself.

Since the judgment against the trust is final and has not been collaterally attacked, and since the trust owns the fee in the property on which Mr. Richardson seeks execution, the judgment lien extends to the trust's interest unless it is exempt. But the trust cannot, as the district court correctly held, claim a homestead exemption in its interest in the property for the simple reason that it is not "married or the head of a family," as the Arkansas Constitution requires. The district court therefore correctly rejected the trust's claim to a homestead exemption.

## II.

The district court rejected the Klaessons' defenses of estoppel and satisfaction of judgment "due to a complete and total failure of proof." Our examination of the record satisfies us that the district court's action in so doing was entirely proper.

## III.

We therefore affirm the district court's order directing the sale of the relevant property. Although we believe that under Arkansas law the Klaessons' limited right of occupation would give rise to a homestead exemption, the district court can nevertheless direct the sale of the fee interest subject to the Klaessons' tenancy at will or license. *See* Fed. R. Civ. P. 69(a) and Ark. Code Ann. § 16-66-203(a), § 16-66-203(c). Any purchaser at the sale can, of course, elect to evict the Klaessons, because their right to occupy is terminable on fifteen days' notice by the owner of the fee.

HANSEN, Circuit Judge, concurring in the result.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.