**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JOHN CARL WEBBER, Jr.,

          Plaintiff - Appellant,

  v.

JEREMY GRIFFIN, in his official and
individual capacity; et al.,

          Defendants - Appellees.

No. 09-35558

D.C. No. 3:07-cv-01675-KI

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Garr M. King, District Judge, Presiding

Submitted October 19, 2010[**]

Before:     O'SCANNLAIN, TALLMAN, and BEA, Circuit Judges.

John Carl Webber, Jr. appeals pro se from the district court's order

dismissing with prejudice his state and federal law claims against certain

defendants and its summary judgment on these claims against the remaining

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

defendants.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo the district court's dismissal of claims and its grant of summary judgment, *Barnett v. Centoni*, 31 F.3d 813, 815-16 (9th Cir. 1994) (per curiam).  We affirm.

The district court properly dismissed Webber's 42 U.S.C. § 1983 claims against certain private parties (the "Individual Defendants") for alleged violations of the Fourth, Fifth, Sixth, Seventh, and Fourteenth Amendments because they were not acting under color of state law.  *See Price v. State of Hawaii*, 939 F.2d 702, 707-08 (9th Cir. 1991) (private parties do not generally act under color of state law for § 1983 purposes); *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982) ("Vague and conclusory allegations of official participation in civil rights violations are not sufficient" to withstand dismissal).

The district court properly dismissed Webber's claim for alleged violations of the Racketeer Influenced and Corrupt Organizations Act against the Individual Defendants because they were not alleged to participate in a pattern of racketeering activity.  *See* 18 U.S.C. § 1961(1) (defining racketeering activity).

The district court properly dismissed Webber's remaining state law claims against the Individual Defendants because it had discretion not to exercise supplemental jurisdiction over them after dismissing all of Webber's federal law claims against the Individual Defendants.  *See* 28 U.S.C. § 1367(c)(3); *see also*

*Atel Fin. Corp. v. Quaker Coal Co.*, 321 F.3d 924, 926 (9th Cir. 2003) (per curiam) (court may affirm on different ground than that relied upon by district court).

The district court also properly dismissed Webber's state and federal law claims against defendants affiliated with the Oregon Water Resources Department (the "State Defendants") on claim preclusion grounds because there was privity between the State Defendants and the party against whom Webber previously litigated—or could have joined—claims arising from the same factual transaction in a prior administrative proceeding. *See Miller v. County of Santa Cruz*, 39 F.3d 1030, 1033 (9th Cir. 1994) (federal courts give preclusive effect to a state administrative law proceeding that "meets the state's own criteria necessary to require a court of that state to give preclusive effect to the state agency's decisions"); *see also D'Amico ex rel. Tracey v. Ellinwood*, 149 P.3d 277, 281 (Or. 2006) ("Privity includes . . . those whose interests are represented by a party to the action[.]"); *Drews v. EBI Cos.*, 795 P.2d 531, 535 (Or. 1990) (setting forth elements of Oregon claim preclusion law).

Webber's remaining contentions are unpersuasive.

**AFFIRMED**.