LARRY D. VAUGHT, Judge
Appellant Nathan Longeway appeals his conviction by the Pulaski County Circuit Court of interference with court-ordered custody pursuant to Arkansas Code Annotated section 5-26-502 (Repl. 2013). We affirm.
A Pennsylvania court entered a consent decree on November 17, 2015, regarding the custody of Nathan's two children with his former wife, Rebekah Longeway, which stated that it was transferring the case to *181 Pulaski County, Arkansas. Under the terms of the agreed order, Nathan was to have the children from November 20, 2015, until November 25, 2015, was to return the children to Rebekah in North Little Rock, and was then to receive the children again on December 4, 2015.
Nathan picked up the children from Rebekah on November 20, 2015, in North Little Rock and took them to Florida for Thanksgiving. The same day, Rebekah filed an uncertified copy of the Pennsylvania custody order with the Pulaski County Circuit Court. Nathan did not return the children on November 25 as ordered. Nathan later claimed that he had vehicle trouble and was unable to return the children at the scheduled time. Nathan neither attempted to contact Rebekah nor responded to her numerous attempts to contact him. Nathan claimed that he was relying on his lawyer to communicate to her that he could not get back to Arkansas.
Rebekah contacted the police, and on December 2 and 4, 2015, Officer John Trent of the Little Rock Police Department spoke to someone by phone who identified himself as Nathan. The officer asked that person to return the children. Officer Trent also contacted the North Port Police Department in Florida and informed them that an Arkansas warrant had been issued against Nathan. On December 7, 2015, Nathan was arrested in North Port, Florida. The children were returned to Rebekah on December 8, 2015, in Sarasota, Florida.
Nathan was subsequently charged with two counts (one count for each child) of interference with court-ordered custody pursuant to Arkansas Code Annotated section 5-26-502. A bench trial began in May 2016 but was continued until July 2017. At the conclusion of the trial, the circuit court judge convicted Nathan on both counts and sentenced him to sixty days in jail. This appeal followed.
Nathan's first argument on appeal is that the circuit court was without jurisdiction to convict him of interference with court-ordered custody because the act of interference occurred before the Pennsylvania custody order had been registered in Arkansas for ten days, as required by Arkansas Code Annotated section 9-19-305(b)(1) (Repl. 2009). We review questions of law de novo on appeal. Selmon v. Metro. Life Ins. Co. , 372 Ark. 420, 424, 277 S.W.3d 196, 200 (2008) ; Noe v. State , 2011 Ark. App. 155, at 2-3, 381 S.W.3d 915, 917-18. Likewise, the standard of review with respect to statutory and constitutional interpretation is de novo. Fitton v. Bank of Little Rock , 2010 Ark. 280, 365 S.W.3d 888. Nathan's argument has no merit because the statute upon which Nathan relies governs only civil-enforcement actions and does not control criminal prosecutions. Arkansas Code Annotated section 9-19-303(b) (Repl. 2009) specifically states that
[a] court of this [S]tate may utilize any remedy available under other law of this [S]tate to enforce a child-custody determination made by a court of another state. The remedies provided in this subchapter are cumulative and do not affect the availability of other remedies to enforce a child-custody determination.
Moreover, Arkansas Code Annotated section 9-19-315 (Repl. 2009) states that "[t]here is nothing in this Act that would prevent a State from authorizing the prosecutor or other public official to use additional remedies beyond those provided in this Act."
Here, Nathan was convicted of a criminal offense that does not hinge on the registration of the custody order in Arkansas. The relevant statutory language states,
*182 (a) A person commits the offense of interference with court-ordered custody if the person:
(1) Knowing that he or she has no lawful right to do so, takes, entices, or keeps any minor from any person entitled by a court decree or order to the right of custody of the minor.
Ark. Code Ann. § 5-26-502(a)(1). Under the elements of the criminal offense, the only relevant inquiry was whether Nathan was legally entitled to keep the children, regardless of whether the underlying custody order was civilly enforceable in either Pennsylvania or Arkansas.
Nathan's next two points on appeal fail for the same reason. He claims that the Pennsylvania order that Rebekah registered in Pulaski County was not certified and that she had not yet registered it when she initially delivered the children to Nathan. Neither argument has merit because, as discussed above, Nathan erroneously relies on the requirements for civil enforcement of a custody order, while this is a criminal case. He has provided no legal authority or persuasive argument that the criminal offense of interference with court-ordered custody, as defined in Arkansas Code Annotated section 5-26-502, is dependent on the custody order being properly registered and subject to civil-enforcement procedures.
Finally, Nathan argues in his reply brief that the State cannot base jurisdiction on section 5-1-103 (Repl. 2013) of the criminal code, which states that "[a] person may be convicted under a law of this State of an offense committed by him if either the conduct or a result that is an element of the offense occurs within this State or conduct occurring outside this State constitutes an attempt to commit an offense within this State," because he argues that no element of the offense took place in Arkansas. This argument was not raised in Nathan's opening brief. While he argued that the court lacked jurisdiction to convict him of interference with court-ordered custody, his argument was limited to the requirements of the civil custody-enforcement statute discussed above. We have long held that an argument cannot be raised for the first time in a reply brief. State v. McCormack , 343 Ark. 285, 291, 34 S.W.3d 735, 738-39 (2000) ; Jordan v. State , 323 Ark. 628, 917 S.W.2d 164 (1996). Therefore, we do not address this issue.
Affirmed.
Klappenbach and Murphy, JJ., agree.