TER KEURST *v.* ZINKEWICZ.

1. HOMESTEADS—CONTRACT INTEREST—VENDOR AND PURCHASER.
    Homestead right attaches to house and lot being purchased on
    contract, where purchaser is living there with his family.

2. SAME—CONVEYANCE—HUSBAND AND WIFE—SIGNATURE OF WIFE
    NECESSARY.
    Under Constitution (article 14, § 2), alienation of homestead by
    owner, if married, is void without signature of wife.

3. SPECIFIC PERFORMANCE—HOMESTEADS—HUSBAND AND WIFE.
    Married man is not entitled to specific enforcement of contract
    for exchange of equities in land, where the equity he agreed
    to convey is homestead, and conveyance is not signed by wife.

Appeal from Kent; Dunham (Major L.), J.  Submitted January 9, 1931.  (Docket No. 76, Calendar No. 35,267.)  Decided February 27, 1931.

Bill by Henry Ter Keurst against John Zinkewicz and others for specific performance of an agreement to exchange equities in land.  Decree for plaintiff. Defendants appeal.  Reversed.

*P. A. Hartesvelt,* for plaintiff.

*Michael Garvey,* for defendants.

POTTER, J.  Plaintiff, vendee under a written contract to purchase real estate in Grand Rapids, traded such vendee's interest for defendants' vendee's interest in a written contract to purchase a farm in Plainfield township, Kent county.  Defendant Frueh was the broker who got the parties together. The contract of plaintiff was assigned by him alone.

The contract of defendants was assigned by them and delivered to Frueh. Plaintiff took possession of the farm. Defendants took possession of the Grand Rapids real estate and leased the same to plaintiff, who paid a substantial sum as rent. Frueh refused to deliver defendants' assignment of their contract of purchase to plaintiff. Plaintiff filed a bill to compel such delivery. From a decree for plaintiff defendants appeal; claiming the assignment from plaintiff was not signed by his wife; that the property which plaintiff was purchasing and in which he had a vendee's interest constituted a homestead, and that without the signature of the wife the assignment of the contract was void and the transaction within the statute of frauds.

It is undisputed that plaintiff, at the time of the assignment of his vendee's interest in the land contract under which he was purchasing the house in Grand Rapids, was living with his wife and family in the house thereon, which was being occupied as a homestead, and that his wife refused to sign the assignment of the land contract. She never gave up possession of the house. Plaintiff's homestead right attached to the land in Grand Rapids which he was purchasing on land contract though he had only a vendee's interest therein. *McKee* v. *Wilcox,* 11 Mich. 358 (83 Am. Dec. 743); *Lozo* v. *Sutherland,* 38 Mich. 168; *Allen* v. *Cadwell,* 55 Mich. 8; *Stanton* v. *Hitchcock,* 64 Mich. 316 (8 Am. St. Rep. 821); *Allen* v. *Crane,* 152 Mich. 380 (16 L. R. A. [N. S.] 947). Under the Constitution, "Alienation of such land by the owner thereof, if a married man, shall not be valid without the signature of his wife to the same." Constitution of Michigan, art. 14, § 2.

Plaintiff's attempted assignment was invalid. He was not, at the time of filing the bill of complaint

herein, entitled to the relief prayed or any part thereof. Decree is reversed, and bill dismissed, with costs.

BUTZEL, C. J., and WIEST, CLARK, McDONALD, SHARPE, NORTH, and FEAD, JJ., concurred.