CHILDS *v.* LAMBERT.

5-1804                                         323 S. W. 2d 564

Opinion delivered April 13, 1959.

[Rehearing denied May 18, 1959]

*Norton & Norton,* for appellant.

*John L. Anderson,* for appellee.

J. SEABORN HOLT, Associate Justice. This is an action by Mrs. Elnora Childs, as the wife of G. C. Childs, to establish and claim her homestead right in a forty acre tract of land. On November 15, 1946, Lambrook Corporation executed a contract of sale of the Northwest Quarter (NW¼) Southeast Quarter (SE¼) Section Twenty-three (23) Township Four (4) South, Range One (1) East, Phillips County, Arkansas being the North Half

(N½) Tract No. 22 of the Lambrook Plantation Map and containing 40 acres more or less, to George Gillespie for a consideration of $1,700.00 payable $170.00 in cash and nine (9) annual payments of $170.00 each, on November 15, 1947 to November 1955 inclusive, with six percent (6%) interest at the due date of each installment. Thereafter, on December 11, 1950, G. C. Childs (husband of Elnora) bought Gillespie's interest in the contract in question for a consideration of $500.00 in cash and executed three notes to Gillespie. The assignment of this contract to Childs was typed on the contract at Lambert's dictation and signed in his office. Appellants, Childs and his wife, with their children immediately (December 11, 1950) moved onto the forty acres where they remained continuously from that time until they were evicted by Lambert in December 1955. The record reflects that between December 1950 and the time of the eviction of Childs and his wife, there were other transfers of the contract of sale from G. C. Childs to a Mr. Barron, from Barron to the Helena National Bank, and from the Bank to Lambert. It appears undisputed that Elnora Childs was not a party to any of the transactions between her husband and the Gillespies, or Barron, or the Bank. She was present and appears to have acquiesced in the negotiations by her husband with the Gillespies, (George and Lulu) for the purchase of the forty acre tract in December 1950. The present suit was filed December 6, 1955, one day following her eviction from the house by Lambert. She sought, as the wife of G. C. Childs, to establish her rights which attached to his equitable estate under the homestead law, sought an accounting from Lambert under the contract of sale of the forty acres and that, "He be charged with the rental value of the said farm land for the year 1955 and the rental value of the dwelling thereon situated, with interest, *etc.*, until possession should be restored to her and that she be allowed a reasonable time to redeem the property by payment of any balance due Lambert thereon". Upon a hearing, the trial court dismissed her complaint for want of equity and quieted title to the property in J. B. Lambert. From this decree both Elnora Childs and her husband have appealed.

As indicated above, Lambert in 1946 under a sales contract sold this forty acre tract to the Gillespies and they in turn, on December 11, 1950, sold and assigned, for a valuable consideration, all their interest in the tract of land to G. C. Childs, Elnora's husband. The Childs, on December 18, 1950, moved on the property, took possession and remained on it until they were evicted by Lambert in December 1955. It further appears that on December 15, 1954, Childs went to Lambert and agreed to cancel the sales contract and release the property in effect for a consideration of $110.35 which Childs was then due Lambert. His (Childs') wife was not present and did not agree to this release in any manner. The sales contract in question contained these provisions:

"Transfer of Contract. It is agreed that this contract shall not be transferred or assigned unless all amounts due at that time shall have been paid and unless the seller consents to such transfer in writing.

"Default. If default be made in payment of general or special taxes or any installment of the purchase price or the interest thereon, then, in that event or either of them, the whole of said purchase price shall at the option of the seller become immediately due and payable and this contract may be terminated at the option of the seller. If this contract is cancelled because of default all payments shall be forfeited as liquidated damages." The contract has no provision that "time shall be of the essence" of the undertakings of either party.

It appears to be no longer questioned that an equitable estate will support the right of homestead and form a sufficient basis under the law for the claim of homestead, hence the Childs had a homestead in the land they were buying from Lambert (the Lambrook Company). We said in *Watson* v. *Poindexter,* 176 Ark. 1065, 5 S. W. 2d 299, ". . . It is no longer questioned that an equitable estate will support the homestead right and form a sufficient basis under the law for the claim of homestead. *Spaulding* v. *Haley,* 101 Ark. 296, 142 S. W. 172; *Kirby* v. *Vantrece,* 26 Ark. 370.

"It is also true that a married man cannot make a valid conveyance of the homestead if his wife fails to join in the execution of the deed, and that he cannot even make a contract to convey the homestead which would be obligatory upon the wife or of any validity, without her joining in the execution of such instrument. Section 5542, C. & M. Digest". Section 5542 is now Section 50-415 Ark. Stats. and provides: "No conveyance, mortgage or other instrument affecting the homestead of any married man shall be of any validity except for taxes, laborers' and mechanics' liens, and the purchase money, unless his wife joins in the execution of such instrument and acknowledges the same."

We said in the case of *Spaulding* v. *Haley,* 101 Ark. 296, 142 S. W. 172, ". . . The next question for our consideration is, whether the widow and minor children can claim homestead in lands occupied by the deceased husband or father under a contract for the purchase thereof, a portion only of the purchase money being paid. The decisions in other States are somewhat conflicting as to whether an equitable estate will support the homestead right, but we consider the question settled by decisions of this court *(Rockafellow* v. *Peay,* 40 Ark. 69; *Robson* v. *Hough,* 56 Ark. 621; *Stull* v. *Graham,* 60 Ark. 461) holding that an equitable estate is sufficient as a basis of the homestead claim. The right of the widow or children, being derivative, finds a like support in an equitable estate held as a homestead by the husband or father."

We hold, therefore, that Childs could not permit a forfeiture of the purchase contract and abandon it without his wife's joinder. Especially is this so when as here, Mrs. Childs did not agree to the forfeiture by not signing the contract in the first place. *Southern* v. *Linville,* 139 Kan. 850, 33 Pac. 2d 123; *Perry* v. *Ross,* 104 Cal. 15, 37 Pac. 757; *Ter Keurst* v. *Zinkewicz,* 253 Mich. 383, 235 N. W. 191. We think, therefore, that Mrs. Childs, in the circumstances here, was entitled to perform for her husband the purchase contract made by him in order to save her interest in the homestead. *McKee* v. *Wilcox,* 11 Mich. 358, 83 Am. Dec. 743.

In *Lessell* v. *Goodman,* 97 Iowa 681, 66 N. W. 917, the husband was buying a homestead under a contract that made time of the essence and provided for a forfeiture in case of default. The husband (as here) fell down on his payments and signed a written statement acknowledging that the contract was forfeited. The court held that the forfeiture was not binding on the wife, who was entitled to complete the purchase despite the default. After reviewing the record, we are convinced that the preponderance of the testimony shows that Mrs. Childs is not estopped to assert her claim to homestead rights in the property.

Accordingly, the decree is reversed and the cause remanded with directions to grant Mrs. Childs a reasonable time in which to redeem and for further proceedings consistent with this opinion.

Harris, C. J. and McFaddin, J., dissent.

Ed. F. McFaddin, Associate Justice (Dissenting).

The fault in the majority opinion is, that it is giving the wife — Elnora Childs — a homestead right in a non-existent estate, because G. C. Childs' rights under the contract were forfeited when he defaulted. We held in *Collum* v. *Hervey,* 176 Ark. 714, 3 S. W. 2d 993, that a judgment against the husband was binding on the wife, even though she was not a party to the litigation. The rationale of that holding is applicable here: when Lambert declared the contract forfeited—as he had a right to do — then all interest of G. C. Childs was forfeited, and left nothing for his wife to claim as homestead.

It is my view that the case at bar is ruled by such cases as *Souter* v. *Witt,* 87 Ark. 593, 113 S. W. 800; and *White* v. *Page,* 216 Ark. 632, 226 S. W. 2d 973; and cases therein cited. This was a simple sale and rent contract whereby Childs could have acquired the title if he had performed the condition precedent. He did not perform. In *Souter* v. *Witt (supra),* this Court said of a contract like the one here: "It is also equally certain that, when the contract is made to depend on a condition precedent

—in other words, when no right shall vest until certain acts have been done, as, for example, until the vendee has paid certain sums at certain specified times — then also a court of equity will not relieve the vendee against the forfeiture incurred by a breach of such condition precedent." In *White* v. *Page (supra),* we said: "The contract in the case at bar did not state in express words, 'time is of the essence'; but our cases hold that evidence may establish such fact in the absence of a specific statement in the contract." The evidence in the case at bar in this regard is just as strong as that in *White* v. *Page,* where we held that there had been a default and a forfeiture.

In *Hanson* v. *Brown,* 139 Ark. 60, 213 S. W. 12, the Court considered a contract of sale and rent in which there was a default and a forfeiture, just as here; and this Court said: "For the reasons already given, it is apparent that Mrs. Hanson had no homestead interest in the lands . . ." I maintain that Elnora Childs had no homestead right in a nonexistent estate; and it was certainly nonexistent when G. C. Childs defaulted and Lambert declared the forfeiture.

For these reasons, I respectfully dissent; and the Chief Justice joins me in this dissent.