LAMBERT *v.* CHILDS.

5-2796                                    362 S. W. 2d 10

Opinion delivered November 12, 1962.

[Rehearing denied December 10, 1962.]

*John L. Anderson,* for appellant.

*Norton & Norton,* for appellee.

JIM JOHNSON, Associate Justice. This is an appeal from a judgment on the mandate issued by this court in *Childs* v. *Lambert,* 230 Ark. 366, 323 S. W. 2d 564. In the original case the facts disclosed that G. C. Childs entered into a contract to purchase 40 acres of land in Phillips County. Immediately after entering into the contract, Childs and his wife, Elnora, with their children moved onto the land. Thereafter G. C. Childs transferred the contract. It was undisputed that his wife Elnora was not a party to the transaction. On December 5, 1955, Mr. J. B. Lambert, the original vendor as well as the ultimate recipient of all of Childs' transferred interest, caused the Childs family to be evicted from the property. On December 6th, the day after her eviction, Elnora Childs filed suit, seeking, as wife of G. C. Childs, to establish her right which attached to his equitable interest under the homestead law, sought an accounting from Lambert under the contract of sale and prayed that ". . . he be charged with the rental value for the dwelling thereon situated, with interest, etc., until possession should be restored to her and that she be allowed a reasonable time to redeem the property by payment of any balance due

Lambert thereon''. The trial court dismissed her complaint and quieted title in Lambert. On appeal this court reversed and in so doing held that Elnora Childs ''. . . is not estopped to assert her claim to homestead rights in the property'' and that she is ''. . . entitled to perform for her husband the purchase contract made by him in order to save her interest in the homestead''. The mandate stated '' . . . that this cause be remanded to said Chancery Court with directions to grant Mrs. Childs a reasonable time within which to redeem and for further proceedings to be therein had according to the principles of equity, and not inconsistent with the opinion herein delivered.''

After a motion for judgment on the mandate, the trial court, from the original record, made certain findings and then proceeded to further trial on the mandate. The court heard extensive testimony and rendered a detailed accounting between the parties. From judgment on the mandate comes this appeal and a cross-appeal.

On direct appeal appellant relies upon six points for reversal, while appellees rely upon five points for reversal on cross-appeal. All of the appellees' points question the correctness of the accounting and only one of appellant's six points reaches the issue we, on trial *de novo,* find to be decisive of this case.

During the trial on the mandate, the fact was established that Elnora Childs had joined with her husband in at least three conveyances of the property to various third parties. The last conveyance was to a Mr. Sizemore. All of the parties who claimed an interest in the property joined in this conveyance which resulted in the placing of $9,500 in the registry of the court pending a final adjudication of the case. All of these conveyances were made subsequent to the original trial and prior to the adjudication on the mandate. The germane point urged by appellant for reversal is as follows: ''The court erred in refusing the motion of appellant that there be no further proceedings based on the mandate of the Supreme Court and that the Chancery Court enter an order decreeing all funds in the hands of the clerk be paid to

appellant for the reason that Elnora Childs had only the right to redeem her homestead and now having abandoned that right by joining in the sale to Sizemore and participating in that sale and selling a speculative interest in this lawsuit, she has completely abandoned any right she has in the homestead as defined by the Supreme Court.''

The Sizemore conveyance was made upon a contract which recites that the parties ''. . . agree that this contract shall be without prejudice to any of them as to any of the issues made or to be made in said suit''. We find it unnecessary to decide the legal effect of the sale to Sizemore since it is clear from the record that previous to the sale to Sizemore, G. C. Childs and Elnora Childs, his wife, on April 4, 1958, executed and delivered a warranty deed with ''full release and relinquishment of right or possibility of right of dower and homestead'' in the property here in question to one George K. Cracraft, Jr., trustee; that thereafter on September 4, 1958, G. C. Childs and his wife Elnora Childs ''bargained, sold and conveyed'' unto one S. M. Capps ''their entire right, title and interest, including dower and homestead'' in the property held by Cracraft, trustee, for and in consideration of the sum of $200 ($25 of which went to pay Trustee Cracraft's fee) and the further consideration of ten percent of any clear profit Capps might make on a resale of the property. This contingent or speculative ten percent interest in the profits, if any, at the time of the trial on the mandate was the only remaining interest the Childs had in the outcome of this lawsuit and that interest, in our view, was not an interest in the land here in question but was in fact a balance of the consideration owing by Capps in the event Capps made a clear profit on the sale to Sizemore.

Notwithstanding the following observation by the trial court in its findings * * *

''It has come to the Chancellor's attention that since the reversal of this case, the lands have been conveyed by both Mr. Childs and Mrs. Childs, and that the wife has conveyed her homestead rights in the lands involved.''

* * * the learned Chancellor dutifully proceeded to trial on the mandate and made his findings based upon the facts as they existed at the time of the original trial. In a usual case arising out of a reversal of a Chancery decree, this would have been the correct procedure but in the present case our mandate granted Elnora Childs a reasonable time in the future within which to perform a specified act, *i.e.,* redeem. We did not direct her to redeem. She had the choice of electing to redeem. Certainly if the cost to redeem had exceeded the value of the property, she no doubt would have refused to redeem. Elnora Childs' rights from the inception of this litigation were based solely on the homestead law. The homestead interest is a creature of statute. It is more than a mere privilege, it is a right. On the part of a wife it is a right of veto against alienation and encumbrances, as well as the right of occupancy jointly with the owner of the homestead. 40 C.J.S., Homesteads, § 4. The early and oft cited case of *Killeam* v, *Carter,* 65 Ark. 68, 44 S. W. 1032, graphically describes the nature of a woman's homestead as follows:

"The law wisely grants to the widow the privilege of occupying the homestead so long as she desires. But it is a privilege purely personal to her, which she can neither convey to nor share with another. She may enjoy the rents and profits only so long as she intends it as a home. Strictly speaking, she has no estate in the land itself, but only the privilege of occupancy. *Alienation by her confers no rights, but it means abandonment, and the termination of her right of homestead.*" [Emphasis ours.]

As set out above, this court, in the earlier appeal, held that Elnora Childs was entitled to perform for her husband the purchase contract made by him in order to save her interest in the homestead, and directed that she be given a reasonable time within which to redeem. She did not redeem, but instead chose to join with her husband in a conveyance of the property to third persons prior to redemption. Therefore, since alienation by Elnora Childs meant abandonment and the termination

of her right of homestead and that such conveyance by her conferred no rights, her vendees took nothing and her rights of homestead ceased to exist. Accordingly, the decree is reversed and the cause is remanded for entry of orders consistent with this opinion.

GEORGE ROSE SMITH, J., dissents.